contributory negligence which is a proximate cause of an accident, made by the plaintiff, can be taken advantage of by defendant through an exception of no cause of action or no right of action.

It can not be doubted that one who attempts to alight from a moving vehicle is guilty of contributory negligence, which negligence is a proximate cause of an accident caused thereby. It is likewise true that a passenger who leaves his seat on a moving truck and stands on the running board, preparing to alight, before the truck comes to a stop, is guilty of gross negligence.

At least one of the proximate causes of the accident was that plaintiff was riding on the running board and had left his seat. It is not alleged or urged that the sudden jerk by the truck would have dislodged plaintiff from his seat on the truck.

The judgment of the lower court, sustaining the exceptions of no cause of action and no right of action, is correct and is affirmed, with costs.

For former opinion, see 195 So. 852.

Benj. W. Miller, of Bogalusa, and Ott & Johnson, of Franklinton, for appellant.

Talley & Richardson, of Bogalusa, for appellees.

## McCASKEY REGISTER CO. v. LUMPKIN et al.

### No. 2113.

Court of Appeal of Louisiana. First Circuit.

July 24, 1940.

PER CURIAM.

The opinion in this case was handed down on May 8, 1940, and registered notice of the opinion and decree was sent out to Hon. Benj. W. Miller, one of the attorneys of record for the defendants, on May 9, 1940, and it is shown by a post office return receipt in the record that the registered letter containing said notice was delivered on May 10, 1940, the return receipt being signed by Benj. W. Miller by "Oneita R." as agent for the addressee.

The application for a rehearing was not filed with the Clerk of this Court until July 25, 1940, manifestly and admittedly too late, if the receipt and signature of the registered notice above stated should be deemed binding on the attorneys for defendants. An affidavit is attached to the application by the attorneys to the effect that none of said attorneys received notice of said opinion and decree on the date of the registry receipt, and knew noth-

ing thereof until May 21, 1940, when according to an affidavit by Mr. Miller, he learned of the notice of judgment for the first time in a letter from the Clerk of this Court advising him of the manner in which said receipt was signed.

It does not appear from the affidavit of Mr. Miller that "Oneita R." was not authorized to receive and receipt for mail registered and otherwise addressed to him. In the absence of a showing to the effect that the person who signed the registered notice for Mr. Miller was not authorized to sign as his agent, we must assume that the post office department delivered the registered letter to an agent of the addressee authorized to receive and sign for said letter.

Section 24 of Art. 7 of the Constitution requires that notice of all judgments rendered by the Courts of Appeal shall be given to Counsel of record in accordance with such rules as may be fixed by the Court, and no delays shall run until such notice is given. While this Court has not fixed any rule as to the method of giving such notice, the practice of giving such notice by registered letter addressed to the attorneys of record has been followed for some time. We must therefore hold that a return receipt, signed by the addressee or his purported agent, will be received by this Court as evidence of the receipt of the said notice unless sufficient evidence is furnished to the effect that the agent signing for the addressee was not authorized to receive and receipt for the letter.

For these reasons, we must refuse to entertain the application as having been filed too late.

## GRIMM v. PUGH.

### No. 6118.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

George Thurber, of Shreveport, for appellant.

Grimmet, Boatner, Simon & Carroll, of Shreveport, for appellee.

DREW, Judge.

The lower court has correctly stated the case and found the facts in the following opinion:

"In this suit the plaintiff, M. W. Grimm, seeks to recover the sum of $1,002 from the defendant, L. G. Pugh, the consideration alleged to have been paid the defendant for an oil and gas lease covering certain property in Caddo Parish, it being alleged that the defendant owned no interest in the fee or minerals.

"On June 8th, 1938, L. G. Pugh executed this oil and gas lease to C. L. Gayle, who was acting therein for M. W. Grimm. It is alleged that this fact was known to the defendant at the time, and that the alleged consideration was at that time paid to the defendant by M. W. Grimm. Plaintiff also alleges that while the consideration recited is $167, actually the plaintiff paid $1,002 for this lease. That the de-