[1] In this case the defendant, I.H. Spears, filed an application for a rehearing on January 14, 1946. Notice of the opinion and decree was addressed to the defendant by registered letter and a return card was signed for I.H. Spears by his agent, Marion Lyles, on December 26, 1945. As we stated in the case of McCaskey Register Company v. Lumpkin et al., La. App., 197 So. 640, this court will accept a post office return receipt of a registered letter addressed to the attorney and signed by the purported agent of the addressee as evidence of the receipt of the notice by the attorney on the date shown on the receipt card, unless sufficient evidence is furnished that the person who signed for the attorney was not authorized to sign for and receive the letter. No evidence has been produced showing that the person who signed for I.H. Spears was not authorized to sign for and receive this letter for him.
[2] Therefore, the time for filing the application began to run from December 26, 1945. The judgment of this court became final and executory on the fifteenth calendar day thereafter under the provisions of Act 16 of 1910 and the Constitution, and the application was not filed until several days after the expiration of the time limit. Following our ruling in the above case, there is nothing for us to do but refuse to consider the application of the defendant Spears for a rehearing as having been filed too late.
George Matthews, one of the appellees, also filed an application for a rehearing. After due consideration of this application, we see no reason to change our original decree or grant a rehearing to this applicant, and his application for a rehearing is hereby refused.