COBB v. UNITY INDUSTRIAL LIFE INS. CO.

(April 18, 1932. Opinion and Decree.)

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellee.

Loys Charbonnet and Joseph A. Casse, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on an industrial accident insurance policy. Plaintiff claims six weeks' indemnity at the rate of $7 per week, double indemnity and a reasonable attorney's fee as authorized by Act No. 310 of 1910. The disability is admitted, but liability denied upon the ground that subsequent to the issuance of the policy an agreement was entered into between the insurer and the insured, the effect of which was to relieve the insurer of any future liability under its policy for accidental injury. The agreement was offered in evidence and objected to upon the following ground:

"Firstly, that the purported release shows on its face that it is a nudum pactum and void for want of any consideration; Secondly, that the alleged release is not attached to nor made part of the policy sued upon, and hence inadmissible."

The court below sustained the objection to the admissibility of the document and rendered judgment in plaintiff's favor as prayed for, fixing the attorney's fee at $15. Defendant has appealed and plaintiff has answered the appeal asking that the attorney's fee be increased from $15 to $25.

The agreement relied upon by defendant is in the record and reads as follows:

"Received from the Unity Industrial Life Ins. Co. the sum of Twenty-four Dollars and Fifty Cents, being all the benefits due on claims filed March 26, April 2nd, 9th, and 16th. The first three at $7.00 each, and the last one at $3.50. This is in full settlement for all claims that I may now or hereafter have against said Company for this accident of contused ankle, or any other accident occurring in the future."

The objection of want of consideration rests upon the fact that the alleged release is quite evidently a receipt for the payment of benefits which had accrued prior to its confection and, on this point, the case of National Life Insurance Company, v. Jackson, 18 Ga. App. 494, 89 S. E. 633, is cited and the following excerpt quoted:

"A release of a policy is without consideration where the expressed consideration consists of payments already made as sick benefits."

3rd Decennial Digest, Vol. 16, p. 625, "Insurance," sec. 603.

Upon the second point we are referred to section 2 of Act No. 227 of 1916, reading as follows:

"Be it enacted, etc. That every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application, and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void."

Defendant contends that the above act has no application because the writing which he seeks to introduce was confected subsequent to the issuance of the policy, and, therefore, could not have been attached to it "when issued." In other words, it is only such writings as may be in existence at the time the policy is issued which the act requires to be incorporated in the policy. We cannot agree with counsel in this view since it would only be necessary, in order to modify the contract of insurance, as it is expressed in the policy, to have a subsequent agreement issued one day, or one week or one month later, whereas the plain intendment of the law is that the respective obligations of both parties to the contract of insurance be determined by the policy itself unqualified by any extraneous instrument regardless of its date. Barnett v. Merchants' Life Ins. Co., 87 Okla. 42, 208 P. 271; 2 Cooley's Briefs on Insurance (2d Ed.) p. 1014.

Our conclusion is that the instrument relied on by defendant was properly excluded and, since that is its sole defense, the judgment appealed from must be affirmed.

In regard to the attorney's fee which the court below fixed at $15, we believe the amount to be too small and have concluded to increase it to $25, the amount asked for by plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by increasing the attorney's fee awarded counsel from $15 to $25 and as thus amended it is affirmed.