LAND, Justice.
 

 Relator, Augustine Laurent, filed suit in the First city court for the sum of $88, together with legal interest from September 10, 1936, until paid and 6 per cent, penalty, as beneficiary in insurance policy No. E-21745, issued by defendant company on the life of Walter Laurent, her son, who died on September 10, 1936.
 

 Defendant company filed an answer in the First city court, and, after admitting amicable demand and denying the allegations of relator’s petition, avers in paragraph 10 of its answer:
 

 “Now further answering, your respondent says that the Policy on which this suit is brought was permitted to lapse for non-payment of premium on December 14th, 1931. That at the time the policy lapsed,the insured was in the employ of your respondent as an agent on a debit collecting premiums. Your respondent further shows that when the insured left the employ of your respondent, he was in
 
 *429
 
 debted unto your respondent for premiums collected but which had not been surrendered unto your respondent in the sum of Thirty-five and 23/100 ($35.23) Dollars, together with legal interest on said amount from August 15th, 1932, until paid.
 

 “Now your respondent shows that the insured requested your respondent to. apply the accumulated reserve on said policy against the foregoing amount representing an indebtedness by the insured unto your respondent. That the accumulated reserve on the policy in the suit was insufficient to liquidate the entire balance due on said loan.”
 

 Judgment was rendered in the First city court in favor of plaintiff, Augustine Laurent, against defendant, the Unity Industrial Life Insurance Company, in the sum of $88, with 6 per cent, per annum interest from October 1, 1936, until paid, and for all costs.
 

 From this judgment, defendant company appealed to the Court of Appeal for the Parish of Orleans, which reversed the judgment in plaintiff’s favor, and dismissed the suit.
 

 1. In the memorandum on behalf of plaintiff and appellee in support of application for rehearing in the Court of Appeal, we find the following admission:
 

 “The sum of $16.85 (the amount of reserve at the lapse of the policy) divided by the 5%^ will buy a little more than 306 weeks net cost of insurance, which is more than sufficient, as it is almost six years of extended insurance and more than sufficient to carry this policy in full force and effect until the date of the death of the insured.”
 

 The defendant and appellant, on page 5 of its brief dated October 27, 1937, lines 18 to 23, admits as follows:
 

 “The defendant, for the reasons stated to the court, has further admitted for the purpose of this case only, that the reservé or accumulated forfeiture value is sufficient to continue this policy from .the date of lapse to the date of death as extended insurance.”
 

 On the trial of the case in the Court of Appeal, defendant company, over the objection of counsel for plaintiff, was permitted to prove the alleged oral agreement of the insured to surrender the policy to defendant company, by applying the reserve to the payment of the indebtedness alleged to be due by the insured to defendant company.
 

 This fact clearly appears from the following paragraph in the stipulation of facts annexed to the application for the writ of review:
 

 “It is agreed by and between counsel fof the plaintiff and defendant herein that the factual issues presented in this case are as set forth on Pages 4, 5 and 6 of the Defendant’s memorandum to the Court of Appeal and that counsel for the plaintiff and appellee made timely objection to the introduction of any testimony to prove the subsequent oral agreement relied on by the defendant on. the ground that such testimony was inadmissible by the provisions of Act 227 of 1916.”
 

 
 *431
 
 Defendant company was attempting in this case to prove by parol testimony, not an indebtedness in the sum of $35.23 on the part of the insured to the company, to be deducted from the face value of the policy for $88, but, on the contrary, this company, as a defense, was attempting by such proof to cancel the entire policy itself, by proving a subsequent verbal agreement with the insured that the reserve should be applied to the payment of the indebtedness alleged to be due to the company.
 

 The effect of such proof would clearly be to prevent the insurance from being extended to the date of the death of the insured, and thereby cause the cancellation and surrender of the policy to defendant company prior to that date.
 

 In the language of the answer filed by defendant company in the First city court: “the insured requested your respondent to apply the accumulated reserve on said policy against the foregoing amount representing an indebtedness by the insured unto your respondent.” Such request or statement was not admissible in evidence at all, in our opinion, under Act No. 227 of 1916.
 

 Section 2 of this act provides:
 

 “Be it enacted, etc., That every policy of insurance issued' or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void.”
 

 In Whitmeyer v. Liberty Industrial Life Insurance Co., 166 La. 328, 331, 117 So. 268, 269, in commenting on Act No. 227 of 1916, this court said:
 

 “By the provisions of this act it is necessary that the statement relied upon as a defense be contained in a written application for the policy, and, if it be so contained, then that the statement be indorsed on the policy at the time it is issued, or else that the application containing the statement be attached to the policy at that time. In the absence of a written ap-' plication, containing the statement, it is not sufficient that the statement be indorsed on the policy. It must be contained in a written application for it. The law so requires, and prohibits a waiver, of the requirement, in order to more securely protect the insured and the beneficiary against statements appearing on the face of the policy that were not made by the
 
 *433
 
 insured or the applicant. It therefore follows, at least, in the absence of clear proof of the loss or accidental destruction of the application, that the statement relied upon, in defending the suit, must be shown-by the production of a written application containing it. No such application was offered in evidence.. The parol evidence, offered to show it, was not only insufficient, but was inadmissible. It therefore follows that the statement attributed to the applicant for the policy, as to the age of the insured, has not been proven. Without proof that such a statement was made, the defense that the statement was false fails.”
 

 The Court of Appeal for the Parish of Orleans in the case of Cobb v. Unity Industrial Life Insurance Company, 19 La. App. 539, 140 So. 877, at pages 878, 879, said:
 

 “Defendant contends that the above act has no application, because the writing which he seeks to introduce was confected subsequent to the issuance of the policy, and therefore could not have been attached to it ‘when issued.’ In others words, it is only such writings as may be in existence at the time the policy is issued' which the act requires to be incorporated in the policy. We cannot agree with counsel in this view, since it would only be neces-' sary, in order to modify the contract of insurance, as it is expressed in the policy, to have a subsequent agreement issued one day, or one week or one month later, whereas the plain intendment of the law is that the respective obligations of both parties to the contract of insurance be determined by the policy itself unqualified by any extraneous instrument, regardless of its date. Barnett v. Merchants’ Life Ins. Co., 87 Okl. 42, 208 P. 271; 2 Cooley’s Briefs on Insurance (2d Ed.) 1014.”
 

 It is the fixed public policy of this state that every policy of insurance “shall contain the entire contract between the parties.”
 

 If a policy of insurance cannot be qualified by any subsequent extraneous “instrument in writing,” for stronger reasons a policy cannot be qualified by mere parol testimony to prove a subsequent verbal agreement, which in effect would cancel the policy and surrender it to the insurance company.
 

 2. Defendant company has filed a motion to recall the writ of review and dismiss the application on the ground that the petition for the writ is not accompanied by either “a copy of the judgment of the Court of original jurisdiction, nor a copy of the opinion or decree rendered by the Court of Appeal on original hearing, nor a copy of the opinion or decree rendered by the Court of Appeal on rehearing,” as required by rule XIII, section 5, of this court.
 

 A complete answer to such contention is that the writ has already been granted in this case, and the record of the First city court of New Orleans, upon which the Court of Appeal acted, is before this Court. The judgment of the First city court is contained in this record, as well as all of the proceedings had in that court. Indorsed upon the face of the First city court
 
 *435
 
 record, in the handwriting of Judge McCaleb of the Court of Appeal, and signed by him, are certain entries, showing that the judgment of the First city court was reversed and plaintiff’s suit dismissed, that a rehearing was granted, and the original judgment was reinstated.
 

 The proceedings of the Court of Appeal, in the trial of cases appealed to that court from the First city court, are informal, and, because of the small amounts involved, opinions are not usually written in such cases. The case has been submitted here on the record before us and under certain agreed stipulations of fact, which are referred to in this opinion.
 

 There are but two issues involved in the case:
 

 (1) Was there sufficient extended insurance to keep the policy in full force and effect from the time of its lapse to the death of the insured?
 

 It is admitted that there was.
 

 (2) Can defendant introduce testimony to prove a verbal agreement to surrender an insurance policy when objection to the introduction of such testimony is timely made?
 

 Counsel for respondents will not be permitted by this court to wait until after the submission of the case for decision, and, at the eleventh hour, complain, for the first time, that the opinion of the Court of Appeal is not annexed to the petition for the application for the writ of review, when the issues involved clearly appear upon the face of the record presented to this court. The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court. The failure to fulfill the requirement might have justified the refusal of the writ, but it does not justify the dismissal of the proceedings after the writ has been issued, and the case submitted for decision in this court, when the issues involved are clearly presented by the' record before the court.
 

 For the reasons assigned, it is ordered that the judgment of the Court of Appeal for the Parish of Orleans be annulled and reversed, and that the judgment of the First city court of New Orleans be affirmed, and that defendant, Unity Industrial Life Insurance Company, pay the costs of this proceeding and all other costs.
 

 ODOM, J., dissents, being of the opinion that Act No. 227 of 1916 has no application to this case.
 

 O’NIELL, C. J., dissents ‘ and hands down reasons.