O’NIELL, Chief Justice
 

 (dissenting).
 

 The facts of the case, as stated in the prevailing opinion, are not disputed. Walter Laurent, who was a son of the plaintiff in this case, held an industrial life insurance policy) issued by. the defendant company, on December 17, 1923, of the face value of $88. The premiums, which
 
 *437
 
 were 10 cents per week, were paid regularly, up to the 14th of December, 1931, on which date the policy was permitted to lapse for nonpayment of premiums. The insured was in the employ of the company as an agent, whose duties included the collecting of premiums for the company; and, after the policy had lapsed, it was discovered that the insured owed the company $35.23 for premiums which he had collected and had not accounted for. He requested the company to apply the amount of the accumulated reserve on his policy to the partial payment of the $35.23 which he owed the- company, and to cancel the insurance. The accumulated reserve at the time when the policy lapsed was $16.85; which, if the insured had preferred to apply the amount to the payment for extended insurance, would have been sufficient to extend the insurance to a date beyond that on which the insured died — September 10, 1936. The two executive officers of the company, the superintendent and the general manager, agreed with the insured to credit the $16.-85 on the indebtedness of $35.23, which the insured owed the company, and to cancel the insurance. After the death of the insured, his mother, who was named as the beneficiary in the policy, brought this suit for the $88, face value of the policy. The company pleaded that the policy had lapsed for nonpayment of premiums, and that the insured had requested —and that the company had consented— to have the accumulated reserve, which was $16.85, applied to the indebtedness of $35.23 which the insured owed the company, instead of being applied to the payment for extended insurance; and hence that the lapsed policy was canceled before the insured died. The attorney for the plaintiff objected to the proof of the agreement of the insured to apply the accumulated reserve on the lapsed policy to the indebtedness of the insured to the company, instead of applying it as a premium on extended insurance — the only ground for the objection being that the company was forbidden by Act No. 227 of 1916 to set up the agreement of the insured in defense of the claim of the beneficiary under the policy. The judge of
 
 the
 
 city court sustained the objection and gave judgment for the plaintiff for the $88. The Court of Appeal, on trial of the case de novo, reversed the ruling of the judge of the city court, and rejected the plaintiff’s demand. She has brought the case here on a writ of review. The only question tendered is whether the insurance company is forbidden by Act No. 227 of 1916 to urge in defense of this suit the agreement by which the accumulated reserve on the lapsed policy was applied to the indebtedness of the insured to the company, instead of being applied to the payment for extended insurance.
 

 In the policy in question the insured reserved the right to change the beneficiary. It is well settled that, in a policy of insurance in which the insured reserves the right to change the beneficiary, the beneficiary named in the policy has no vested right, and hence the insured is at liberty to make any contract or agreement that he sees fit to make with the insurer
 
 *439
 
 concerning the payment of the insurance, or the payment or settlement of any claim that he may have under the contract of insurance, without the consent of the beneficicary named in the policy. Dorsett v. Thomas, 152 La. 60, 92 So. 734; Pollock v. Pollock, 164 La. 1077, 115 So. 275; Couch’s Cyclopedia of Insurance Law, vol. 2, p. 810, § 306; Cooley’s Briefs on Insurance, 2d Ed., p. 6403; Vance on Insurance, 2d Ed., p. 559, § 147.
 

 Therefore, it was not violative of any right of the beneficiary named in the policy — and it was certainly not contrary to public policy — for the insured in this case to surrender the cash value of his insurance policy, or the accumulated reserve thereon, to the partial payment of his indebtedness to the insurer. In fact, the nonforfeiture statute of Louisiana, Act No. 193 of 1906, § 2, as amended by Act No. 57 of 1932, § 1, in declaring how the reserve on a life insurance policy shall be applied in order to prevent a forfeiture for nonpayment of premiums, declares that the application shall be made “after deducting any • indebtedness to the company,” etc. This, of course, has reference particularly to a loan on the policy; but it serves as an express sanction of an agreement on the part of the insured, when he is in arrears in the payment of premiums, to allow the company to deduct any indebtedness due by him to the company,' and to apply only the remainder of the reserve, if there be any, to continuing the insurance in force for its full amount.
 

 Act No. 227 of 1916 is not at all relevant to the question of admissibility of the evidence — or of the availability of the defense — offered by the defendant in this case. The statute merely requires that every life insurance policy shall contain the entire contract between the parties, and hence that nothing shall be incorporated therein by mere reference to some other writing, such as the constitution, bylaws, rules of the company, or application for the insurance, unless the writing referred to is endorsed upon or attached to the policy when issued. And, to that end, the statute provides that any statement purporting to have been made by the insured shall, in the absence of fraud, be deemed a representation and not a warranty, and that no such statement shall be used in defense of a claim under the policy unless the statement is contained in a written application and unless a copy of the statement be endorsed upon the policy when issued. The statute declares that any waiver of these provisions shall be void.
 

 I do not see how this statute can be applicable to an agreement by which the ' insured consents to the way in which the accumulated reserve on a lapsed policy shall be applied — or to any settlement of a claim under a lapsed policy. It is impossible for the law to require that such an agreement shall be “contained” or “incorporated” in the policy, or be “endorsed upon or attached to the policy when issued.”
 

 In the case of Fisette v. Mutual Life Insurance Co., 162 La. 620, 110 So. 880, it was held that Act No. 227 of 1916 was applicable to a statement alleged to have
 
 *441
 
 been made by the insured after the policy was written, but the reason why the statute was declared applicable was that the statement was made in an application to establish or place in force a policy which, because of the failure of the applicant to pay the initial premium within the time stipulated, had not gone into effect.
 

 The case of Whitmeyer v. Liberty Industrial Life Insurance Co., 166 La. 328, 117 So. 268, 269, is not at all applicable to this case, in my opinion, because the statement which the insured was accused of having made, and which was said to be a false statement as to his age, was said to have been made at the time when he applied for the insurance; and the ruling was that the alleged statement could not be urged in defense of the suit on the policy because the alleged statement was not “contained in a written application” for the insurance.
 

 In the case of Cobb v. Unity Industrial Life Insurance Company, 19 La.App. 539, 140 So. 877, decided by the Court of Appeal, and cited in the prevailing opinion in this case, the reference to Act No. 227 of 1916 was not at all necessary to the decision. The suit was for indemnity provided for in an industrial accident insurance policy. The company defended on the ground that the insured had given a written receipt for the benefits due up to the date of the receipt, and acknowledged in the receipt that the amount received was in full settlement for all claims that the insured then had or might thereafter have against the company for the accident which he had already suffered, or for any other accident that might happen in the future. The court decided that, in so far as the written instrument purported to release the company from future liability, it was absolutely null because the only consideration given for it was the amount already due to the assured; and hence that there was no consideration given for the release from. future liability under the policy. Having thus decided the case rightfully, the court gave expression to the opinion quoted in the prevailing opinion in this case, with’regard to Act No. 227 of 1916; and the court cited the case of Barnett v. Merchants’ Life Insurance Co., 87 Okl. 42, 208 P. 271, 272; 2 Cooley’s Briefs on Insurance (2nd Ed.) 1014. In Barnett’s Case, the Supreme Court of Oklahoma held that an agreement purporting to modify or restrict the terms of an insurance policy by attaching a rider thereto was violative of the statute, Rev. Laws 1910, § 3470, 36 Okl.St.Ann. § 218, providing “that the policy, together with the application therefor, a copy of which application shall- be indorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract "between the parties.” The insured in that case, in his application for the insurance, agreed that, if a policy should be issued, it should be conditioned upon the terms of a rider attached thereto, providing that military or naval service in time of war were risks not assúmed under the policy, etc. As far as the report of the case shows, the ’ rider was attached to the policy when it, was issued. The ruling in
 
 *443
 
 the case is not at all applicable to an agreement by which the insured makes provision for disposing of the accumulated reserve on a lapsed policy of insurance.
 

 According to the prevailing opinion in this case, Act No. 227 of 1916 would forbid the insurance company to set up the agreement between the company and the insured in defense of this suit, even if the agreement had been made in writing, because it would have been impossible for the agreement to be “contained” or “incorporated” in the policy, or to be “endorsed upon or attached to the policy when issued.”
 

 For these reasons I respectfully dissent from the opinion and decree rendered in this case.