O’NIELL, Chief Justice.
 

 The plaintiff is appealing from a judgment rejecting her demand for $5,000 insurance on the life of her husband. He died on August 5, 1936. The policy was issued on April 14, 1926, and the annual premiums of $177.65 were paid up to October 14, 1933; that is, for a period of 7% years. No premium was paid on the policy after October 14, 1933; but the amounts paid up to that date were sufficient, under the non-forfeiture statute (Act No. 193 of 1906, § 2, as amended by Act No. 57 of 1932), to pay for extended insurance for a period of nine years and forty-six days from October 14, 1933. Inasmuch as the date of the death of the insured was within that period, the policy would have been in force at the time of his death if there had been no indebtedness to the company, to be deducted from the reserve. But, at the time when the premium became due and was not paid, on October 14, 1933, the insured was indebted to the company for $696.26, for a loan made on July 24, 1933, and the cash surrender value of the policy was only $697.50 on October 14, 1933. Therefore, after deducting from the reserve the indebtedness to the company, there remained only $1.24 to continue the insurance in force. That was enough to pay for extended insurance for only eight days. The insured had, according to the terms of the policy, a period of grace of one month, in which to pay the premium which came due on October 14, 1933, and thus to prevent a lapse of the policy. Meanwhile, the cashier in the local office of the company, having given the insured the required notice, undertook to obtain another loan for him to pay the premium and prevent a forfeiture 'Of the policy. Being unsuccessful in her efforts in that respect, the cashier finally, on December 15, 1933, reported the policy to the home office for cancellation; and a record was made then at the home office of the forfeiture of the policy.
 

 The facts, figures and dates which we have given show that the insurance on the life of the plaintiff’s husband lapsed nearly three years before he died.
 

 The plaintiff promptly objected to the defendant’s pleading or proving that an indebtedness to the company was deducted
 
 *173
 
 from the reserve — the objection being that the loan agreement, or proof of the indebtedness, was not endorsed upon or attached to the policy. The objection was founded upon Act No. 52 of 1906, as amended by Act No. 227 of 1916. The statute provides:
 

 “That every policy of_ insurance issued or delivered within the State * * * by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are
 
 endorsed upon or attached to the policy when issued;
 
 and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not
 
 endorsed upon or attached to the policy when issued
 
 shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be
 
 endorsed upon or attached to the policy when issued.
 
 Any waiver of the provisions of this section shall be void. [The italics are by the writer of this opinion].”
 

 The phrase which we have italicized — and which appears three times in the statute — shows that the statute is not applicable to any agreement or statement made by the insured subsequent to the issuing of the policy. Nowhere in the statute is it required that any agreement or statement shall be endorsed upon or attached to the policy, except where it is required that the agreement or statement shall be endorsed upon or attached to the policy
 
 when
 
 issued, in order to be available to the company in defense of a claim under the policy. It is not possible, of course, for a loan agreement or any other agreement made subsequent to the issuing of, the policy to be endorsed upon or attached to the policy when issued. Hence it is not possible to apply the statute to a loan agreement or other agreement made subsequent to the issuing of the policy.
 

 The appellant invokes and relies upon the decision rendered in Laurent v. Unity Industrial Life Insurance Co., 189 La. 426, 179 So. 586, where Act No. 52 of 1906, as amended by Act No. 227 of 1916, was held to forbid the insurance company to prove by parol evidence a verbal agreement on the part of the insured to apply the reserve on his policy to a debt due to the company for premiums which he had collected, and had not accounted for, as an agent for the company. The writer of this opinion, who dissented from the decision in the' Laurent case, thinks that the decision cannot be reconciled with the judgment appealed from in this case, and ought to be overruled. But a majority of the members of the court are of the opinion that the decision in the Laurent case was appropriate to the facts of that case, and that there is no reason why the decision should be overruled. The members of the court are unanimous, however, in the opinion that Act No. 52 of 1906, as amended by Act No. 227 of 1916, is not applicable to this case.
 

 
 *175
 
 The appellant makes an alternative complaint that the insurance company deducted the amount of the loan not only from the reserve but also from the face amount of the policy. There was no actual deduction from the face amount of the policy, because the insured survived the period for which the insurance was extended, and hence no insurance was paid to the beneficiary. As we understand the testimony of the actuary, the amount of the loan was deducted from the face amount of the policy, only figuratively, so to speak, in order to compute the length of time for which the reserve would pay for extended insurance. When a loan has been made on a life insurance policy, the insurer has the right, under Act No. 193 of 1906, § 2, as amended by Act No. 57 of 1932, to deduct the amount of the loan from the reserve if the insured survives the period for which the insurance is extended; and the insurer deducts the amount of the loan from the face amount of the policy if the insured dies within the period for which the insurance is extended by virtue of the non-forfeiture statute. The loan is never actually deducted twice. The appellant has no cause for complaint in that respect; for it is obvious that the period for which an insurance policy is extended is actually lengthened when the amount of the loan is deducted from the face amount of the policy. In this case there is no calculation by which it can be figured that the insured was entitled to extended insurance to the date on which he died.
 

 The judgment is affirmed.
 

 FOURNET, J., absent.