HIGGINS, Justice.
 

 The relators applied to this Coürt for a writ of alternative mandamus to compel the Court of Appeal of the Second Circuit to consider their application for a rehearing. The adverse judgment was rendered on June 18, 1941, 7 So.2d 719, and a copy of the opinion and decree was mailed to the relators’ counsel on the same day and he received it the following day. On July 3, 1941, the relators applied to the Court of Appeal for a rehearing and the court, on July 7, 1941, refused,to consider their application on the ground that the judgment became final and executory on the fifteenth calendar day (July 3, 1941) after its rendition, and as the application had not been filed within the legal delay, it came too late.
 

 The relators alleged that the Court of Appeal miscalculated the delay for the rehearing by including therein June 19, 1941, or the day on which the counsel received
 
 *285
 
 the notice, and that this day should have been excluded from the fourteen clear days allowed them by law.
 

 We granted the writ with a stay order and issued a rule to show cause, and the respondent, in her return, asked that th'e writ be vacated and the rule discharged for the following reasons:
 

 First, that the application for the writ, filed on December 1, 1941, came too late or more than thirty days after July 7, 1941 the date upon which the Court of Appeal, Second Circuit, declined to consider the application for a rehearing, citing Article VII, Section 11 of the Constitution of Louisiana of 1921.
 

 Second, that the relators neither served upon nor delivered to the judges of the Court of Appeal or to the respondent or her attorney, a copy of their application for the writ, before filing the same here, as required by Section 7 of Rule 13 of this Court.
 

 Third, that the application is not in accordance with the requirements of Section
 
 7
 
 of Rule 13 of this Court, because there is not attached thereto a certified copy of the pleading upon which the refusal of a rehearing on July 7, 1941 was founded, nor a certified copy of the pleading upon which the per curiam opinion of the Court of Appeal, dated October 31, 1941, was grounded.
 

 In connection with the first two grounds upon which the opposition is based, it appears from the record that after the Court of Appeal, on July 7, 1941, refused to consider the application for a rehearing because it was not filed within the legal delays, the relators filed another application asking the court to reconsider its action in refusing to consider their petition for a rehearing. The Court of Appeal in a per curiam opinion rendered on October 31, 1941, reiterated its original holding. 7 So.2d 719. The relators, on November 28, 1941, wrote a letter to the respondent’s attorney notifying him of their intention to apply to the Supreme Court for a writ of mandamus and this letter was mailed on Saturday, November 29, 1941, and received by the attorney on Monday, December 1, 1941. On this latter date, the relators filed their petition in this Court for the remedial writ. The same kind of notice was also mailed to the judges of the Court of Appeal on the same date. The respondent did not file any opposition in this Court to the petition for the writ.
 

 From the foregoing, it is obvious that it can not be said that the relators waited from July 7, 1941, when the Court of Appeal refused to consider their application for a rehearing, until December 1, 1941, without taking any action to protect their interest, because they promptly filed in the Court of Appeal an application requesting the Court to reconsider its ruling and it did not render an opinion thereon until October 31, 1941.
 

 Article VII, Section 11 of the Constitution of 1921, invoked' by the respondent, by its very terms, has no' application
 
 *286
 
 to this case for the reason that this is a petition for a remedial writ, whereas, that section covers only a writ of review or certiorari to the Court of Appeal, in which case.the application therefor must be made to this Court within thirty days after a rehearing has been refused by the Court of Appeal.
 

 Under the amendment which we made on May 29, 1941 to Section 7 of Rule 13 of this Court, the mailing of copies of the petition for the alternative writ of mandamus to the judges of the Court of Appeal and the attorney of record of the respondent, respectively, is sufficient notice to them. Furthermore, under Section 2 of Rule 13 of this Court, the mere failure to give notice to the attorney or the judges in itself would not be sufficient cause to dismiss the application for the writ or recall or rescind the writ or the rule nisi. Bauman et al. v. Pennywell et al., 160 La. 555, 107 So. 425.
 

 As to the issue that the record is not properly made up, this Court, in the case of Laurent v. Unity Industrial Life Insurance Co., 189 La. 426, 179 So. 586, 588, said:
 

 “A complete answer to such contention is that the writ has already been granted in this case, and the record of the First city court of New Orleans, upon which the Court of Appeal acted, is before this Court.
 

 * * * * *
 

 “The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court. The failure to fulfill the requirement might have justified the refusal of the writ, but it does not justify the dismissal of the proceedings after the writ has been issued, and the case submitted for decision in this court, when the issues involved are clearly presented by the record before the court.”
 

 In the instant case, we had already granted the writ and it appears that all of the necessary records pertinent to the issue as to whether or not the application for rehearing was timely filed in the Court of Appeal are before us.
 

 This brings us to the primary question involved, namely, whether or not under the law the judges of the Court of Appeal were correct in counting June 19, 1941, the day on which the attorney of record for the relators received a copy of the judgment of the Court of Appeal, in determining whether the application or petition for rehearing was filed within the delay required by law.
 

 The pertinent language of Section 24 of Article VII of the Constitution of 1921 reads:
 

 “ * * * Notice of all judgments
 
 shall be given
 
 to counsel of record; and the court shall provide by rule for the giving of such notices.
 
 No delays shall run until such notice shall have been given.”
 
 (Emphasis ours.)
 

 In the case of Murray v. Yazoo & M. V. R. Co., 184 So. 413, the Court of Appeal of the First Circuit held:
 

 
 *287
 
 “An application for rehearing was filed in this case on October 21st, 1938 [the original opinion of the court having been rendered on October 5, 1938, La.App., 183 So. 543], and a motion has been filed by the Appellee to dismiss the said application or ignore the same as having been filed too late. Notice of the judgment of this Court was received by Counsel for Appellant on October 6th, 1938, from which date the delay for filing an application for a rehearing is to be counted. Section 24, Article 7, Constitution of 1921.
 

 “Act No. 16 of 1910 provides that judgments of the Courts of Appeal shall become final and executory on the fifteenth calendar day after rendition (after service o'f notice under the Constitution) unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday; provided that in the interval parties in interest shall have the right to apply for a rehearing. The fifteenth calendar day after notice was served in this case was October 21st, 1938, the day on which the application was filed, and on that day, according to the terms of the Act, the judgment had become final and executory. The last day for filing the application was October 20th, 1938, which was not a legal holiday, and no extension of the time after that day was permitted.
 

 “Excluding the day on which the notice was served and the day on which the application was filed, fourteen days were allowed in which to file the application. Prom October 7tb to 20th, inclusive, was the period given in which to file the application — the last day for filing, being the 20th and not the 21st on which it was filed. See O. K. Realty Co., Inc., v. John A. Juliani, Inc., 157 La. 277, 102 So. 399.
 

 “Therefore the application comes too late and it cannot be considered.” (Parenthesis ours.)
 

 See also McCaskey Register Co. v. Lumpkin, La.App., 197 So. 640.
 

 The judges of the Court of Appeal of the Second Circuit relied upon their opinion expressed in the case of McCollister v. Police Jury of Sabine Parish, La.App., 197 So. 661, and stated that if the delay for filing an application for rehearing is held not to begin on the day that the notice of judgment is mailed to the attorney of record but the day after he receives actual notice thereof, it would be confusing and difficult for the court to determine, for all practical purposes, when the delay for filing an application for rehearing had expired. The contention that inconvenience might result can not prevail over the provision of the Constitution as interpreted by this Court that the day on which counsel of record receives the notice of the judgment is excluded in computing the fourteen days that the litigant has in which to apply for a rehearing.
 

 If the date on which counsel of record received the notice is excluded, mere computation shows that the relators’ application for a rehearing was timely filed on July 3, 1941, and, therefore the Court of Appeal erred in refusing to consider it.
 

 
 *288
 
 It is our opinion that the day on which counsel for the relators received notice of the judgment of the Court of Appeal in the form of a certified copy thereof is to be excluded in computing the fourteen days that the relators were entitled to under the law within which to file their application for a rehearing in the Court of Appeal.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court of Appeal is annulled and set aside, and
 

 It is now ordered, adjudged and decreed that the Honorable Judges of the Court of Appeal of the Second Circuit are hereby ordered and directed to consider and determine the relators’ application for a rehearing in this case; the respondent to pay the costs of this Court and all other costs to await final determination of the case.