**16 So.2d 217**

## WILSON SPORTING GOODS CO. v. ALWES.

### No. 37177.

Nov. 8, 1943.

Rehearing Denied Dec. 13, 1943.

Walter Lemann, of Donaldsonville, for relator.

C. A. Blanchard, of Donaldsonville, for respondents.

ROGERS, Justice.

Claiming that defendant was indebted to it in the sum of $364.36 on an open account, the plaintiff corporation brought suit to obtain judgment for the amount alleged to be due. Plaintiff attached to its petition what it alleged is a written acknowledgment of the indebtedness signed by the defendant. An exception of no right or cause of action filed by the defendant was overruled. Defendant then filed his answer denying the indebtedness and claiming by reconvention, the sum of $450 as damages allegedly suffered by him as the result of plaintiff's suit. Defendant in his answer prayed for a trial by jury, apparently only of the reconventional demand.

Alleging that the court was without jurisdiction, plaintiff filed an exception to defendant's reconventional demand and plea for a trial by jury. After hearing the parties on the exception, the trial judge reached the conclusion that the defendant was without right to institute and prosecute the reconventional demand and, consequently, was not entitled to a trial by jury. Accordingly, the trial judge rendered a judgment dismissing the reconventional demand and denying the trial by jury.

On defendant's application, this court issued a writ of certiorari and a rule nisi for the purpose of reviewing the ruling of the trial judge. Plaintiff has filed a motion in this court asking that the writ of certiorari be recalled and defendant's application be dismissed on the ground that in making his application the defendant had failed to comply with the requirements of section 7 of Rule XIII of this court prescribing that copies of the petition for remedial writs must be delivered or mailed to the trial judge and to the adverse party, and that the fact such delivery or service has been made and the method thereof must be verified by the affidavit of the petitioner or his attorney.

Relator has filed an answer to plaintiff's motion to dismiss his petition for the remedial writs. In his answer to plaintiff's motion, relator shows that he complied with section 2 of Rule XIII by giving notice orally and in writing to the trial judge and to plaintiff's attorney of his intention to apply for the writs and that the giving of such notice disposed of whatever right plaintiff's attorney had to complain because, through oversight, relator failed to deliver or mail a copy of his petition for the writs to the trial judge and to the plaintiff's attorney. Further answering plaintiff's mo-

tion, relator avers that while, under the provisions of Rule XIII, plaintiff's contention might have been ground for the Supreme Court to refuse at that time to issue the writs, once the writs have been issued, under the jurisprudence of the State, plaintiff's motion has no merit whatsoever and no basis on which to stand. Wherefore, relator prayed that the plaintiff's motion be denied.

The affidavit of relator's attorney attached to the petition for the writs merely alleges that all the allegations of the petition are true and correct, and that written notices of defendant's intention to apply for the writs were delivered to the trial judge and to the attorney for the plaintiff. Nowhere in the relator's petition nor in the affidavit attached thereto is it shown that copies of the petition were delivered or mailed to the trial judge, the plaintiff, or to plaintiff's attorney.

Relator in his answer admits that, through oversight, he failed to comply with the requirements of section 7 of Rule XIII as set forth in plaintiff's motion to recall the writs, but relator contends that the error was rectified by the giving of the notices of his intention to apply for writs and by the action of this court in issuing the writ of certiorari and rule nisi.

Rule XIII of this court sets forth the requirements for applying for writs of review, remedial writs, and rules nisi. 197 La. xli. Section 2 of the Rule provides that the party or attorney intending to apply for a writ of certiorari or review, or for any other writ, must give such notice to the judge whose ruling is complained of and to the adverse party or parties as may be deemed necessary to stay further proceedings pending the application, with the further provision that the failure to give such notice will not of itself be sufficient cause for dismissing the application or recalling or rescinding the writ or rule nisi. This section of the rule provides for two classes of notice to be given by the relator of his intention to apply for writs: (1) where a judgment or ruling of the court of appeal is involved, and (2) where a judgment or ruling of the court of original jurisdiction is involved.

The notice which relator gave to the trial judge and to the plaintiff's attorney of its intention to apply for remedial writs was not effective for any other purpose than to stay all proceedings in the suit pending relator's application to this court. Section 2 of the Rule, under which the notice was given, so provides in plain words. The section further provides that failure to give the notice would not of itself be sufficient cause for refusing the application or recalling the writ or rule nisi, if issued.

The same provision was substantially embraced in section 1 of Rule XV of this court, as amended on January 29, 1923, which was under consideration by the court in the case of Bauman v. Pennywell, 160 La. 555, 107 So. 425, 426, cited by relator. In answering the charge of one of the respondents that no notice of relator's intention to apply for the writs was given as required by Rule XV, the court in that case, after quoting section 1 of the Rule as amended, including the proviso "that a

failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi," properly declined to dismiss relator's application for remedial writs for want of written notice to respondent of relator's application.

The fact that relator in this case gave the trial judge and attorney for plaintiff the notice prescribed by section 2 of the Rule did not relieve relator of the obligation of complying with the requirements prescribed by section 7 of the Rule.

Section 7 of Rule XIII relates solely to applications for any writ except a writ to review a judgment of the Court of Appeal. This section provides, among other things, that: "Before the petition is presented to the Supreme Court, a copy of the petition must be delivered or mailed to the judge whose order or ruling is complained of, or to any other officer whose action is complained of, and the adverse party or parties to the proceeding, or to his or their attorney of record, in order that the judge or other officer, or the adverse party or parties, may submit immediately any reason that he or they may have to urge in opposition to the petition. The fact that such delivery or service of a copy of the petition has been made and the method of the delivery or service must be verified by the affidavit of the petitioner or of his attorney."

■ Under the plain provisions of the quoted portion of Section 7 of Rule XIII, it is the mandatory duty of a relator, before presenting his petition for remedial writs to the Supreme Court, to serve a copy of the petition either by delivery or by mail

on the trial judge and the adverse party or his attorney, to the end that the judge or the adverse party be given the opportunity of submitting immediately any reason that he or they may have for opposing the petition. In other words, the rule of court prescribes a condition precedent which must be adhered to in order that the relator may properly bring before the court for its consideration his application for remedial writs.

The fact that the court inadvertently issued the writ of certiorari and rule nisi in this case is no reason why the court should not recall the writ and rule when its attention has been properly directed to the failure of relator to follow the mandatory provisions of the law governing applications for remedial writs.

It is not disputed that if the court's attention had been directed to relator's failure to comply with the rule of court invoked by respondent, it would have been incumbent upon the court to deny the application. This being true, we see no reason why a relator, who has failed to comply with the rule and whose application has been inadvertently granted, should be in a better position than a relator who has failed to comply with the rule but whose application has been refused because the omission was noticed before the application was granted.

■ The rule of court should be enforced against all alike or otherwise it should be abrogated. There is no middle ground. Nor is there any room in this case for the exercise of the court's discretion, since, by reason of relator's failure to

comply with the requirements of the rule, its application was not properly presented to the court for its consideration.

It is true that in some cases where writs of review have been granted, directed to the Court of Appeal, this court has refused to dismiss the proceeding on the respondent's motion because the writ had been granted and the record upon which the Court of Appeal acted was before the Court. See Pipes v. Gallman, 174 La. 265, 140 So. 43; Hatten v. Haynes, 175 La. 743, 144 So. 483; Laurent v. Unity Life Ins. Co., 189 La. 426, 179 So. 586; Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351. In each of those cases the relator failed to annex to his application one of the documents enumerated in section 5 of Rule XIII. The reason for the court's action in such cases is briefly set forth in Laurent v. Unity Life Ins. Co., 189 La. at page 436, 179 So. at page 589, in these words: "The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court."

According to the plain language of section 7 of Rule XIII, the requirement that in applications for remedial writs a copy of the petition must be delivered or mailed to the judge and to the adverse party, or his attorney, is for the convenience and information of the judge and adverse party in order that the judge or adverse party "may submit immediately any reason that he or they may have to urge in opposition

to the petition." The fact that the requirement might indirectly work for the convenience and information of the court does not impair the primary purpose of the requirement—the convenience and information of the trial judge and the adverse party.

In relator's answer to plaintiff's motion to recall the writ of certiorari and rule nisi and in relator's brief, our attention is directed to the case of Lacaze v. Hardee, 199 La. 566, 6 So.2d 663, 664, which relator claims has decided the identical question at issue in this case. We do not understand that the decision in the Lacaze case has established a legal principle different from the one we are maintaining in this case.

In his brief relator quotes the following language appearing in the court's opinion in the Lacaze case: "The mere failure to give notice to the attorney or the judges in itself would not be sufficient cause to dismiss the application for the writ or recall or rescind the writ or the rule nisi. Bauman et al. v. Pennywell et al., 160 La. 555, 107 So. 425." The quotation is reproduced in relator's brief as if it constituted a complete sentence. But a reference to the court's decision discloses that it forms only the last part of a complete sentence which reads as follows. "Furthermore, under Section 2 of Rule 13 of this Court, the mere failure to give notice to the attorney or the judges in itself would not be sufficient cause to dismiss the application for the writ or recall or rescind the writ or the rule nisi. Bauman, et al. v. Pennywell et al., 160 La. 555, 107 So. 425." Hence, it will appear that the statement of the court,

in the Lacaze case, relied on by relator, was made in reference to section 2 of Rule XIII, which, as we have shown, has no bearing on this case.

It will appear from an examination of the court's opinion in the Lacaze case that the Court of Appeal had rendered judgment against defendants (relators) and had refused to consider their application for rehearing. This court granted a writ of certiorari and rule nisi to review the action of the Court of Appeal. Plaintiff (respondent), in her return, asked that the writ be vacated and the rule discharged for the reason, among others, that the relators had neither served upon nor delivered to the judges of the Court of Appeal, or the respondent or her attorney a copy of the application for the writ before filing the petition in this court, as required by Section 7 of Rule XIII.

This court held that: "Under the amendment which we made on May 29, 1941 to Section 7 of Rule 13 of this Court, the mailing of copies of the petition for the alternative writ of mandamus to the judges of the Court of Appeal and the attorney of record of the respondent, respectively, is sufficient notice to them. Furthermore, under Section 2 of Rule 13 of this Court, the mere failure to give notice to the attorney or the judges in itself would not be sufficient cause to dismiss the application for the writ or recall or rescind the writ or the rule nisi. Bauman et al. v. Pennywell et al., 160 La. 555, 107 So. 425."

The decision of the court on this issue is reflected in paragraph three of the syllabus of the case, as it appears in the official re-

port, as follows: "Where relators applied for alternative writ of mandamus to compel Court of Appeal to consider their application for a rehearing in a certain action, mailing of copies of the petition to the judges of the Court of Appeal and the attorney of record of the adverse party in the action was sufficient 'notice' to them, and failure of relators to deliver copies of application for the writ to judges of the Court of Appeal or to the attorney before filing application in the Supreme Court was not sufficient cause to justify dismissal of the application for the writ. Rules of Supreme Court, rule 13, §§ 2, 7."

For the reasons assigned, the motion to dismiss is sustained, and accordingly the writ of certiorari herein granted is recalled and the rule nisi herein issued is dismissed at relator's cost.

O'NIELL, C. J., and HIGGINS and FOURNET, JJ., dissent.

HIGGINS, Justice (dissenting).

The question presented in this case is whether or not we should dismiss the rule nisi or the writs of certiorari, prohibition and mandamus granted on the relator's application for the remedial writs because of its failure to comply with Section 7 of Rule XIII of this court requiring the applicant to deliver or mail to the judge and the adverse party or his attorney of record a copy of the petition for the writs. Verbal and written notices of relator's intention to apply for the writs were given to the proper parties under Section 2 of Rule XIII and no opposition to the granting of

them was made by the respondents. Subsequent to the granting of the writs the respondents moved to recall them and dismiss the suit on the above-stated ground.

On May 29, 1941, we amended our rule to read as follows:

"Order. It is ordered that Section 7 of Rule XIII of the rules of this court shall be and it is hereby amended and readopted so as to read as follows:

"Section 7. A petition for a writ of certiorari, prohibition, or mandamus, or for any other writ except a writ of review to review a judgment of the court of appeal, must be verified by the affidavit of the petitioner or his attorney, and must be accompanied by a certified copy of (1) the order or ruling complained of, if it be a written order or ruling, (2) the judge's reasons for his order or ruling, if he gave written reasons, and (3) the pleadings on which the order or ruling was founded. *Before the petition is presented to the Supreme Court, a copy of the petition must be delivered or mailed to the judge whose order or ruling is complained of, or to any other officer whose action is complained of, and to the adverse party or parties to the proceeding, or to his or their attorney of record, in order that the judge or other officer, or the adverse party or parties, may submit immediately any reason that he or they may have to urge in opposition to the petition.* The fact that such delivery or service of a copy of the petition has been made and the method of the delivery or service must be verified by the affidavit of the petitioner or of his attorney.

"This section (7) is not applicable to a petition for a writ of review to review a judgment of a court of appeal, under the provisions of Section 2 of Act No. 191 of 1898, p. 437,—the requirements for such a petition being provided for in Section 5 of this rule (XIII)." (197 La. XLI.) (Emphasis mine.)

Section 2 of Rule XIII as amended and readopted on April 4, 1939, and as it exists today, reads:

"Section 2. The party or attorney intending to apply to this court for a writ of certiorari or review, or *for any remedial writ, shall give to the judge whose ruling is complained of, and to the party made respondent, or parties made respondents, such notice as may be deemed necessary to stay further proceedings pending the application to the Supreme Court; provided, however, that a failure to give such notice shall not be, of itself, sufficient cause for dismissing the application or recalling or rescinding the writ or rule nisi.*" (191 La. XLV.) (Italics mine.)

This Section is for the purpose of this case practically a reproduction of Section 1 of Rule XIV, as amended on January 29, 1923, reading:

"It is ordered that section 1 of rule XV be amended so as to read as follows:

"Applications for writs of certiorari, prohibition, mandamus, review, or other supervisory writ, or for a rule nisi in such case, must be filed in the clerk's office and docketed, before being presented to a member of the court for his action thereon. *The applicant, in such case, shall give to*

*the party or parties made respondent or respondents such notice as the applicant may deem necessary to prevent further proceedings pending his application·to this court:* Provided, however, that a failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi." (152 La. VII.) (Italics mine.)

It will be noted that Section 7 of Rule XIII above quoted does not state what the penalty will be in the event the applicant failed to comply with the rule by not mailing or delivering a copy of his petition for the remedial writs to his opponent and the judge.

Section 2 of Rule XIII, while making it mandatory for the applicant to give the required notice of intention to apply for the writ, expressly provides that the failure of the applicant to give the notice to the respondent judge and the adverse party of his intention to apply to this court for remedial writs under our supervisory jurisdiction is not a ground for dismissing the application or recalling the rule nisi or rescinding the writ. This court has not said that mailing or delivering a copy of the petition for the remedial writs is more important or sacramental than the applicant serving on the judge or the adverse party the notice of his intention to apply to this court for the writs. Any one construing the two sections of the same rule together would necessarily reach the conclusion that failure to serve a copy of the petition on the judge and the opposing parties would not be a ground for dismissal of the application·for the writs or·the

rule nisi or the writs because we have expressly stated in Section 2 of Rule XIII that failure to give notice of intention to apply for the writs would not be a ground for doing so. Heretofore, we have, in some instances, when acting upon applications for remedial writs, refused the application for failure to comply with Section 7 of Rule XIII where the applicant did not state under oath that he had delivered or mailed a copy of the petition to the judge or opposing party. On the other hand, where through inadvertence a rule nisi or a writ was granted on an application for remedial writs where the relator did not mail or deliver a copy of the petition to the judge and the opposing party, we have said that that would not be a ground for recalling the rule nisi or writs where the record was submitted and the issues involved clearly presented to the court. The reason why we have made this distinction is because where an application for writs is refused on account of noncompliance with the rules of the court, the applicant could then comply with the rules and reapply for the writs. However, where the writs are granted or rule nisi is issued and the case submitted for decision on the record presented there is very grave doubt that the applicant would have the right to reapply for remedial writs if we were to dismiss the rule nisi or recall the writs previously granted on the ground that counsel for the relator neglected to comply with the provisions of the rules in question. Thus the substantial rights of clients·might be lost through the inattention of their attorneys on the technicality of noncompliance with the rule. Further-

more, the above-quoted rules were made primarily for the convenience of the court to compel the attorneys to present the real questions decided below and if the application did not do so, because counsel had only presented the issues in their most favorable light to his client, then respondent judge or opposing parties "may submit immediately any reason that he or they may have to urge in opposition to the petition". Clearly, if the relator's failure to comply with the mandatory provision of Section 2 of Rule XIII by not notifying the judge and adverse parties of his intention to apply to this court for remedial writs under its supervisory jurisdiction is not a basis for refusing to grant the writs or rescinding the rule nisi or recalling the writs when granted, it must also be said that failure to mail a copy of the petition or application for the remedial writs to opposing parties and the judge as required by Section 7 of Rule XIII would likewise not be a ground for dismissing the rule nisi or recalling the writs when granted, especially since the latter section does not provide for any penalty of dismissal.

In the case of Bauman et al. v. Pennywell et al., 160 La. 555, 107 So. 425, 426, the trial judge refused to grant a suspensive appeal from a judgment denying a preliminary injunction. The relators gave verbal notice to the trial judge and the opposing litigant and then applied to this court under its supervisory jurisdiction for writs of certiorari and prohibition and for a writ of mandamus directing the judge to grant a suspensive appeal, or in the alternative, that this court annul the judgment and issue a preliminary writ of injunction. The respondent opposed the relator's application for the remedial writs in this court. In refusing to deny the application for the writs, we said:

"In the answer filed by Mrs. Pennywell, respondent herein, it is charged that no written notice was given of relators' intention to apply for said writs, as required by rule 15 of the rules of this court.

"Rule 15, § 1, was amended by the Supreme Court on January 29, 1923, so as to read as follows:

"'Applications for writs of certiorari, prohibition, mandamus, review, or other supervisory writ, or for a rule nisi, in such case, must be filed in the clerk's office and docketed, before being presented to a member of the court for his action thereon. The applicant in such case *shall* give to the party or parties made respondent or respondents such notice as the applicant may deem necessary to prevent further proceedings pending his application to this court; provided, however, that a failure to give such notice shall *not*, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi.'

"We must decline, therefore, to deny and dismiss relators' application for writs of certiorari, mandamus, and prohibition, for want of written notice to respondent of the application, as prayed for in this case." (Italics mine.)

It will be noted that as far as this case is concerned the above-quoted Section 1 of Rule XV is the same as Section 2 of Rule XIII, which has been in effect since 1939.

In Lacaze v. Hardee et al., 199 La. 566, 6 So.2d 663, the relators invoked the supervisory jurisdiction of this court to grant a writ of mandamus to compel the Court of Appeal to consider their application for rehearing after it had refused to do so, because it came too late. The relators had previously given respondent judges and litigant's attorney written notice of their intention to apply to this court for the remedial writ by mailing each of them a letter, in compliance with Section 2 of Rule XIII above quoted. However, the relators failed to mail or deliver a copy of the petition for the remedial writ to the respondent judges and the litigant, as required by Section 7 of Rule XIII. No opposition was filed to the petition for the writ but after it was granted with a rule nisi and a stay order, the respondent or opposing litigant filed a motion and asked that the writ and order granting the same be recalled and vacated and the petition therefor dismissed on the ground that the relators had failed to comply with Section 7 of Rule XIII by not delivering or serving a copy of the petition on the respondent judges and herself. As it appeared that some point was made of the fact that the copy of the petition for the writ should be served on or delivered to the respondent judges and the opposing litigant, we pointed out that the rule merely required the mailing thereof. We then went on to say that since the failure to give notice of intention to apply for the remedial writs to the respondent judges, the adverse litigant or her attorney was not sufficient cause to dismiss an application for a writ, recall a rule nisi therefor, or rescind a writ when

granted, under the express provisions of Section 2 of Rule XIII, that we would not recall the writ of mandamus granted to the relators, citing the case of Bauman v. Pennywell, supra.

The opponent in the Lacaze case also made the point that the record was not properly made up, because a copy of the original petition and answer and other pleadings in the case did not accompany the application for the writ. In overruling this contention, we said:

"As to the issue that the record is not properly made up, this Court, in the case of Laurent v. Unity Industrial Life Ins. Co., 189 La. 426, 179 So. 586, 588, said:

"'A complete answer to such contention is that the writ has already been granted in this case, and the record of the First city court of New Orleans, upon which the Court of Appeal acted, is before this Court.

*    *    *    *    *    *

"'The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court. The failure to fulfill the requirement might have justified the refusal of the writ, but it does not justify the dismissal of the proceedings after the writ has been issued, and the case submitted for decision in this court, when the issues involved are clearly presented by the record before the court.'

"In the instant case, we had already granted the writ and it appears that all of

the necessary records pertinent to the issue as to whether or not the application for rehearing was timely filed in the Court of Appeal are before us."

In the present case, while the petition for the writs failed to set forth that a copy of the petition therefor was served upon the respondent judge and adverse litigant, writs were granted with a rule nisi and the record submitted upon the return day, thus bringing before us the controversial questions which the relator seeks to have us decide. To dismiss the rule nisi and recall the writs upon the ground that the relator failed to comply with the provisions of Section 7 of Rule XIII by not mailing a copy of the petition to the respondent judge and adverse party would be contrary to the precedent established by our rulings heretofore.

If the members of this court desired to penalize a relator for noncompliance with the above rule, then either some notice of our change in policy should be given litigants and members of the Bar, or, more properly, Section 7 of Rule XIII should be amended so as to expressly provide that failure to comply with its provisions would be a ground for dismissal of the petition or application for the writs or the rescinding of the order granting the rule nisi or the recalling of the writs granted thereon. This would put litigants and the members of the Bar on their guard in the future and if they then failed to meet the requirement of the rule of this court, they would have to suffer the penalty.

For these reasons, I respectfully dissent.

O'NIELL, Chief Justice (dissenting).

My opinion is that, although the failure of an applicant for a supervisory writ to comply with Section 7 of Rule XIII by mailing or delivering a copy of his petition to the judge whose ruling is complained of, and to the adverse party or parties, would be a good cause for this court to refuse to issue a writ of certiorari or a rule to show cause, the failure of the applicant to comply with the rule in that respect does not justify our recalling the writ and the rule to show cause, and dismissing the proceedings, after the writ has been complied with and the rule has been answered, and when the whole record is thereby submitted to this court for a final ruling.

The amendment of Section 7 of Rule XIII, so as to require an applicant for a supervisory writ to deliver or mail to the judge and to the adverse party or parties a copy of the petition to this court, was adopted on June 1, 1938. See 188 La. xxxix. Before the rule was so amended the applicant for the writ was required by section 2 merely to give notice to the judge, and to the opposing party or his attorney, of the intention to apply for the writ. See 136 La. xii.

The rules of court were revised on April 4, 1939, so as to embrace all amendments made up to that date; and, in the revision, Section 7 of Rule XIII was amended by substituting for the words "or for any other supervisory or remedial writ" the words "or for any writ except a writ of review to review a judgment of the court

of appeal." And there was added to this section a paragraph declaring that this section [7] was not applicable to a writ of review to the court of appeal. The only purpose or effect of this amendment was to make it plain that Section 7 was applicable only to a supervisory or remedial writ, and not to a writ of review to the court of appeal,—the requirements for a writ of review being provided for in Section 5 of Rule XIII. See 191 La. xlvi.

Section 7 of Rule XIII was amended again on May 29, 1941, so as to permit the petitioner for a supervisory or remedial writ *either to deliver or to mail* to the judge, as well as to the adverse party or parties or his or their attorney or attorneys, a copy of the petition addressed to this court asking for the supervisory writs, 191 La. xli. Theretofore, although the rule permitted *either the delivering or the mailing* of a copy of the petition to the adverse party or parties or to his or their attorney or attorneys, the rule required the petition to be *delivered* to the judge.

My opinion is that the relaxing of the rule, by permitting the copy of the petition to be mailed instead of being delivered to the judge, indicates that the intention was that the mailing or delivering of the copy of the petition should not be considered so sacramental as to nullify the granting of the writ of certiorari and rule to show cause, if the court should see fit to grant them without requiring a showing that the petition was served upon or mailed to the judge and to the adverse party or parties, or to his or their attorney or attorneys of record.

The purpose of the orginal amendment of the rule was not left to conjecture but is stated plainly in the amendment itself, thus: "in order· that the judge or other officer, or the adverse party or parties, may submit immediately, any reason that he or they may have to urge in opposition to the petition." The use of the word "immediately" shows that the intention was to allow this court the option either to grant the writ of certiorari immediately, with a rule to show cause, and without awaiting an opposition from the judge or from the adverse party or parties, or to withhold the court's action on the petition and await the filing of any reason that the judge or the adverse party or parties might see fit to submit, *immediately,* why the writ or rule to show cause should not be granted.

The requirement that the judge and the adverse party or parties must file their opposition immediately, if they see fit to file an opposition at all, and the fact that the court is not obliged to grant them any time in which to file an opposition, or to "submit immediately, any reason that he or they may have to urge in opposition to the petition", leaves no doubt in my mind that the court is at liberty to waive the requirement of a delivery or mailing of a copy of the petition to the judge and to the adverse party or parties, and may grant the writ without having an affidavit showing the delivery or mailing of a copy of the petition. Therefore, when the court grants the writ of certiorari and the rule to show cause, without requiring an affidavit of the delivery or mailing of the copy of the petition, the court should not go back and rescind the order granting the certiorari

and the rule to show cause, after the respondent and the judge have answered the rule, or have had ample opportunity to answer it, and after the whole record has been submitted to this court for a final ruling. It makes no difference, in my mind, whether the court, in such a case, grants the writ of certiorari and the rule to show cause *inadvertently* or with the deliberate intention of waiving the requirement of delivery or mailing of a copy of the petition for the writs.

There was no intention, by this amendment of Section 7 of Rule XIII, to have the whole case put at issue in this court on the mere application of the relator and the opposition thereto—if any opposition should be filed. The purpose of the amendment, as I understand, was to lessen the likelihood of our granting a writ of certiorari and rule to show cause in a case where we would not have granted them if the judge or the adverse party had first submitted their reason or reasons why the writ should not be granted.

I am not prepared to say now that an applicant may renew his application after it has been dismissed, as in this case. If the applicant in this case may renew his application after delivering or mailing a copy of his petition to the judge and to the adverse party or his attorney, no useful purpose will have been accomplished by recalling the writ of certiorari and the rule to show cause. On the other hand, if we should hold hereafter that the applicant for the writs is not entitled to renew his application, he will have been denied a hearing, for no other reason than that we failed to observe that his petition was not accompanied by an affidavit showing that he had delivered or mailed a copy of his petition to the judge of the district court and to the opposing party to the suit. In his affidavit annexed to his petition he swore merely that the facts alleged in his petition were true and correct; and in the affidavit of his attorney, annexed to the petition, the attorney swore also that he personally delivered to the judge and to the attorney for the plaintiff in the suit notices in writing of the intention to apply to the supreme court for writs of certiorari, prohibition and mandamus. There was no misrepresentation in the affidavit either of the petitioner or of the attorney.