**(98 South. 85)**

· No. 25845.

**BAUMAN et al. v. GEORGE et al.**

(Nov. 12, 1923.)

*(Syllabus by Editorial Staff.)*

Partition &ecirc;&#x21dd;77(2)—Partition by licitation of property subject to usufruct held proper on petition of usufructuary.

Where a widow became the owner of an undivided one-half of decedent's property, with the usufruct of the other half, partition by licitation was proper on petition of the usufructuary who thereby, in effect, renounced her usufruct to obtain partition, the judgment of partition stipulating that the proceeds were to be paid to the parties in proportion to their respective interests.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by Mrs. L. S. Bauman and others against Mrs. M. E. George and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Herndon & Herndon and Edward Barnett, all of Shreveport, for appellants.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellees.

By Division A, composed of Chief Justice O'NIELL and Justices ROGERS and BRUNOT.

ROGERS, J. Defendants have appealed from a judgment ordering a partition by licitation. The real estate sought to be partitioned was acquired during the marital community existing between one of the plaintiffs, Mrs. L. S. Bauman, and her deceased husband. Upon the death, intestate, of Mr. Bauman, the widow became the owner of an undivided one half of the property with the usufruct of the other half, and the children became the owners of the other undivided half, subject to the usufruct in favor of their mother.

This suit was instituted jointly by the widow in community and two of her children, Mrs. Mary J. Pennywell and L. S. Bauman, against the other children, H. A. Bauman and Mrs. Martha B. George.

The defense is that, inasmuch as Mrs. L. S. Bauman had title to one half of the property as owner and to the other half thereof as usufructuary, no action for a partition would lie because of said usufruct, and, on the further ground, that the real estate in question did not constitute the entire estate of the deceased, L. D. Bauman, and that the usufructuary could not waive her usufruct on part of the property and retain it on other property belonging to the estate.

After the case had been tried, but prior to the argument, in the lower court, Mrs. M. J. Pennywell, one of the plaintiffs, purchased all of the interest, including her right of usufruct, of Mrs. L. S. Bauman in the property, and by consent of the parties, and by order of court, was substituted for her vendor as plaintiff in the case.

In support of their contention that the property was insusceptible to partition by reason of the usufruct with which it was burdened, defendants rely on the following decisions of this court: Succession of Glancey, 112 La. 430, 36 South. 483; Smith v. Nelson, 121 La. 170, 46 South. 200; Kaffie v. Wilson, 130 La. 352, 57 South. 1001.

The cited cases have no application to the present issue. In the Succession of Glancey and in Smith v. Nelson, it was held that the entirety of the property, burdened with a usufruct, could not be partitioned by licitation over the objection of the usufructuary. In Kaffie v. Wilson, the partition by licitation was sought subject to the usufruct, and as the usufructuary had made no objection to the partition by sale or in kind, this court reversed the judgment ordering the partition by licitation and remanded the case for a partition in kind according to law.

In the case at bar, we have an entirely different situation. It is the usufructuary, herself, who is asking the intervention of the courts to compel the sale of the whole property to effect a partition. Her demand is made without reservation of her usufruct, and without any claim of right to the entire proceeds. The proceeding is, in effect, a waiver and renunciation of the usufruct in order that the usufructuary may obtain a partition of the property, and the judgment of partition, itself, after providing for the sale of the property, stipulates that the proceeds thereof, after deduction of costs, shall be paid over to plaintiffs and defendants in proportion to their respective interests.

It is clear, therefore, that when the sale herein ordered is finally consummated, the property will pass into the hands of the purchaser free of the usufruct, and the proceeds of the sale will be distributed among the owners in accordance with their respective interests therein.

For the purpose, evidently, of maintaining the second point of defense that all of the property of the estate of L. D. Bauman was

not included in the partition proceedings, defendants offered in evidence a deed from B. K. Stephens to L. D. Bauman of some 40 acres of land in the parish of Caddo.

There is nothing in the record to show that Bauman owned said property at the date of his death. The mere fact that he once owned the property does not prove that it formed a part of his estate. However, when the evidence was offered, plaintiff Mrs. L. S. Bauman, through her counsel stated to the court that she was willing to include in the partition proceeding any property that might be shown to belong to the estate of her deceased husband. If it should hereafter appear that the estate of L. D. Bauman is the owner of property which is not included in the present proceeding, the same may be the subject of a supplemental partition. Succession of Drysdale, 130 La. 167, 57 South. 789.

Judgment affirmed.