### (107 So. 425)

### No. 27686.

### BAUMAN et al. v. PENNYWELL et al.

### In re BAUMAN et al.

(Feb. 1, 1926.  Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Courts ⬥209(2)—Application for writs of certiorari, mandamus, and prohibition will not be denied for want of written notice of application to respondent (Supreme Court rule 15, § 1, as amended January 29, 1923).**

Application for writs of certiorari, mandamus, and prohibition will not be denied for want of written notice to respondent of application in view of Supreme Court rule 15, § 1, as amended January 29, 1923.

2. **Partition ⬥55(2)—Ownership must be alleged and proved in partition suit, and defendant may inquire into validity of plaintiff's title.**

In partition suit, ownership must be alleged and proved, and defendant may inquire into validity of proceedings whereby plaintiff acquired title upon which he sues.

3. **Judgment ⬥747(2).**

Final decree of competent court in partition suit concludes all parties on all questions of title raised or which might have been raised therein.

4. **Judgment ⬥739 — Judgment in partition suit by widow against heirs, in which purchaser from widow was substituted, held not conclusive of purchaser's title attacked by "forced heirs" after widow's death in suit to set aside sale as simulated (Civ. Code, arts. 1493–1495, 2239).**

Judgment in partition suit by widow against heirs, in which purchaser from widow was substituted, *held* not conclusive of purchaser's title attacked by forced heirs after widow's death on ground that sale was simulated; heirs being precluded from attacking title in former suit during widow's life, in view of Civ. Code, arts. 1493–1495, 2239; "forced heirs" being the legitimate children of disposer left after his decease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forced Heir.]

Suit by L. A. Bauman and others against Mrs. Mary P. Pennywell and others to be decreed sole owners of certain real estate, and for temporary restraining order and injunction prohibiting sale of property by defendants. Judgment for defendants, and dismissing temporary restraining order. On application of plaintiffs for writ of certiorari, mandamus, and prohibition. Writ of mandamus issued.

St. Paul, J., dissenting from refusal to grant rehearing.

Edward Barnett, of Shreveport, for relators.

Foster, Hall & Smith, of Shreveport, for respondents.

LAND, J. A lot of ground in the city of Shreveport, described as lot 1 of block 4 of ten-acre lot 31, belonged to the community formerly existing between L. D. Bauman and his wife, Mrs. L. S. Bauman.

At the death of her husband many years ago, Mrs. Bauman became the owner of one half and the usufructuary of the other half of this property.

Mrs. Bauman, the surviving widow, and

two children, Mrs. Mary J. Pennywell and L. S. Bauman, instituted suit in the district court of Caddo parish against the other two children, H. A. Bauman and Mrs. Martha B. George, for a partition of this property by licitation; and judgment was rendered ordering the partition.

The defense was made in the lower court that, inasmuch as Mrs. L. S. Bauman had title to one half of the property as owner and to the other half as usufructuary, no action for partition would lie, because of said usufruct, and on the further ground that the real estate did not constitute the entire estate of the deceased, L. D. Bauman, and that the usufructuary could not waive her usufruct on part of the property and retain it on the other property belonging to the estate.

After the case had been tried, but prior to argument in the lower court, Mrs. Pennywell, one of the plaintiffs, purchased all of the interest, including the right of usufruct, of Mrs. L. S. Bauman in the property, and, by consent of the parties, and by order of court, was substituted for her vendor as plaintiff in the case.

This court held on appeal that partition by licitation was proper on the petition of the usufructuary, who thereby, in effect, renounced her usufruct; the judgment of partition stipulating that the proceeds were to be paid to the parties in proportion to their respective interests. Bauman et al. v. George et al., 98 So. 85, 154 La. 680.

The decision in the Bauman Case was handed down November 12, 1923. On January 24, 1925, Mrs. L. S. Bauman died. The present suit was brought February 18, 1925, by the forced heirs of Mrs. L. S. Bauman, and the Washburn Land Company, Inc., the assignee of two of said heirs, to annul, as pure simulations and as a legal fraud devised for the purpose of depriving the other children of the deceased of their légitime, a certain sale of date December 12, 1922, by Mrs. L. S.

Bauman to Mrs. M. J. Pennywell of an undivided one-half interest in the property in controversy in this case, lot 1 of block 4 of ten-acre lot 31 of the city of Shreveport, and also a special mortgage on said property for the sum of $12,000, executed by Mrs. Pennywell on January 30, 1925.

Plaintiffs allege that the simulated sale and pretended mortgage were executed also for the purpose of concealing the property and effects of the succession of Mrs. L. S. Bauman, and that the property sold by Mrs. Bauman to Mrs. Pennywell had remained in the possession of Mrs. Bauman to the date of her death.

That in the proceedings entitled "Mrs. L. S. Bauman v. Mrs. M. E. George et al.," No. 30103 on the docket of the district court for the parish of Caddo, a judgment was rendered and signed ordering lot 1 of block 4 of ten-acre lot 31 of the city of Shreveport, with improvements thereon, to be partitioned and sold at public auction by the sheriff for the purpose of effecting a partition by licitation.

That under said judgment, as amended by the decree of this court in Bauman v. George, 98 So. 85, 154 La. 680, the sheriff has advertised said lot for sale on February 21, 1925, and that the entire interest of the succession of Mrs. L. S. Bauman under such sale by the sheriff will be paid to Mrs. M. J. Pennywell in her individual capacity.

Plaintiffs pray for judgment decreeing them to be the sole owners of the lot in dispute, for a temporary restraining order, and for an injunction prohibiting the sheriff and the defendant Mrs. M. J. Pennywell from selling this property on February 21, 1925.

A temporary restraining order was issued as prayed for by plaintiffs. Defendant Mrs. Pennywell filed a motion to dissolve this order on various grounds, an exception of no cause of action, and a plea of res adjudicata.

The trial judge sustained the plea of res adjudicata, dissolved the temporary restrain-

ing order, with $250 as damages for attorney's fees, and denied the application for a preliminary injunction.

The judgment in this case was signed December 19, 1925. A motion for a suspensive appeal made by Mrs. Pennywell was overruled, but a devolutive appeal was granted.

The relators, plaintiffs in the present suit, after verbal notice to the trial judge and Mrs. Pennywell, applied to this court for a writ of mandamus directing said judge to grant a suspensive appeal from said judgment, and, in the alternative, prayed that the judgment of the district court be annulled, and that there be judgment herein directing the issuance of a preliminary writ of injunction as prayed for by plaintiffs.

[1] 1. In the answer filed by Mrs. Pennywell, respondent herein, it is charged that no written notice was given of relators' intention to apply for said writs, as required by rule 15 of the rules of this court.

Rule 15, § 1, was amended by the Supreme Court on January 29, 1923, so as to read as follows:

"Applications for writs of certiorari, prohibition, mandamus, review, or other supervisory writ, or for a rule nisi, in such case, must be filed in the clerk's office and docketed, before being presented to a member of the court for his action thereon. The applicant in such case shall give to the party or parties made respondent or respondents such notice as the applicant may deem necessary to prevent further proceedings pending his application to this court; provided, however, that a failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi."

We must decline, therefore, to deny and dismiss relators' application for writs of certiorari, mandamus, and prohibition, for want of written notice to respondent of the application, as prayed for in this case.

[2, 3] 2. Respondent has made the opinion of the trial judge her answer to the rule nisi issued herein.

The plea of res adjudicata tendered by defendant was sustained in the court below, because in the proceedings for partition by licitation this court on appeal, in the case of Bauman v. George, 98 So. 85, 154 La. 680, had recognized Mrs. Pennywell, plaintiff in that case, as an heir of L. D. Bauman, her deceased father, and as substituted plaintiff for her mother, Mrs. L. S. Bauman, her vendor, to be a co-owner of said lot, with a fixed designated interest therein, and for the further reason that the partition suit called upon defendants for all the defenses of which the case was susceptible, citing Choppin et al. v. Union Nat. Bank, 17 So. 201, 47 La. Ann. 660.

It is true that ownership is the basis of the action of partition and must be alleged and proved, and that the defendant in a partition suit may inquire into the validity of the proceedings whereby the plaintiff acquired the title upon which he sues, as the question of title is necessarily involved. Thibodeaux v. Thibodeaux, 36 So. 800, 112 La. 906; Metropolitan Bank v. Times-Democrat Publishing Co., 46 So. 622, 121 La. 549; Wells v. Files, 66 So. 749, 136 La. 142.

It is true, also, that a final decree of a competent court in a partition suit concludes all parties on all questions of title raised or that might have been raised in the particular proceedings. Barbarich v. Meyer, 97 So. 459, 154 La. 328; Metropolitan Bank v. Times-Democrat Publishing Co., 46 So. 622, 121 La. 547.

[4] However, the differentiation of the cases cited from the case now before us is found in the fact that the forced heirs of Mrs. L. S. Bauman, defendants in the partition suit, and plaintiffs and relators here, were precluded from making then the attack on the sale from their mother to Mrs. Pennywell, made now on the ground that said sale was a simulated contract, for the simple rea-

son that at that time Mrs. L. S. Bauman, the mother of said heirs, was still alive.

Article 2239 of the Revised Civil Code provides that—

"Counter letters can have no effect against creditors, or bona fide purchasers; they are valid as to all others, but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit and shall not be restricted to the légitime."

While it is true that forced heirs are not restricted to the légitime in annulling the simulated contracts of those from whom they inherit, yet it is clear, from the provisions of the said article, that a légitime must exist at the time of the institution of such suit, in order to be demanded by the forced heirs.

Article 1493 of the Revised Civil Code, in fixing the disposable portion and the légitime, provides that—

"Donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer if he leaves, at his decease, a legitimate child; one-half, if he leaves two children; and one-third, if he leaves three or a greater number."

Article 1494 of the Revised Civil Code declares that—

"Donations inter vivos or mortis causa cannot exceed two-thirds of the property, if the disposer, having no children, leave a father, mother or both."

Article 1495 of the Revised Civil Code is to the effect that—

"In the cases prescribed by the two last preceding articles, the heirs are called forced heirs, because the donor cannot deprive them of the portion of his estate reserved for them by law, except in cases where he has a just cause to disinherit them."

It is clear from the language of these articles of the Code that forced heirs are the legitimate children of the disposer left at his decease, and that the légitime consists "of the portion of his estate reserved for them by law."

Article 2239 of the Code has made no change in the definition of "forced heirs," nor in the conditions under which they may demand their légitime, although, for the protection of the legitimate portion of such heirs, said article has embraced within its provisions the right to annul the "simulated contracts" of the ancestor.

We conclude, therefore, that the plea of res adjudicata should have been overruled, as at the date of the rendition of the judgment in the partition suit by this court. Mrs. L. S. Bauman, the mother of the defendants in said suit, was yet alive, and it was not legally possible for defendants to have asserted, at that time, against Mrs. Pennywell, plaintiff in said suit, the action to annul provided for in article 2239 of the Civil Code for the protection of their légitime as forced heirs.

It is therefore ordered that the judgment rendered in this case be annulled and set aside.

It is now ordered that a peremptory writ of mandamus issue herein, directing Hon. E. P. Mills, judge of the First district court for the parish of Caddo, to issue the preliminary injunction, as prayed for by relators, plaintiffs in this case, upon the furnishing by them of bond according to law, and in such amount as respondent judge may fix as legally sufficient.

It is further ordered that respondent Mrs. Mary J. Pennywell pay the cost of this proceeding.