HIGGINS, Justice. '
 

 Plaintiff instituted this petitory action, claiming title to the property in question by virtue of an act of sale in authentic form, dated December 20, 1933, properly registered and passed pursuant to an adjudication to him at an auction sale on November 24, 1933,' which public sale was ordered by judgment of the district court, signed on October 17, 1933, authorizing and directing a partition by licitation.
 

 The defendants, who are the forced heirs of their deceased father and mother and who were parties in. the partition proceedings, in their answers admitted the allegations of the petition but denied that the adjudication and sale were valid, gver
 
 *785
 
 ring that in a proceeding subsequent to the adjudication and sale, the judgment of partition was annulled on the ground that one of the forced heirs and a party in the partition proceedings had been disinherited by her mother in a nuncupative will by public act, which was not presented to the court until about a year after the sale. Defendants also pleaded that the sale should be set aside because the attorney for the defendants publicly announced, prior to the adjudication by the auctioneer, that the judgment ordering the partition of the property by licitation was illegal as the mother died testate and not intestate and had disinherited her daughter, Mrs. Emma Flaty • Moreno, the plaintiff in the partition proceedings, and that this verbal statement had the effect of discouraging others from bidding.
 

 There was judgment in favor of the plaintiff, recognizing him as the owner and ordering the defendants to deliver possession of the property to him. They have appealed.
 

 The defendants filed a motion to remand the case for the purpose of taking the testimony of two witnesses, who failed to appear in obedience to the summons in the district court, alleging that their attorney had requested a continuance, but upon opposing counsel admitting that, if these witnesses were present, they would testify that they did not bid on the property at the auction, because of the statement made by the defendants’ attorney that the purchaser would get a defective title, the trial judge refused to grant the continuance. Our learned brother below properly exercised the discretion vested in him by law in refusing to grant a continuance when opposing counsel admitted that if the witnesses were present, they would testify to the facts sought to be established by the defendants. The record contains all of the facts upon which defendants rely and no useful purpose would be served by remanding the case.
 

 The record shows that the plaintiff and the defendants in the partition action are the sole and only children of Magdalena Millaudon Flaty and Frederick Flaty, both deceased; that the property in question belonged to the community of acquets and gains existing between the spouses, having been acquired during their marriage on October 23, 1882; that the mother and father were in complete actual undisturbed possession of the property from the date of its acquisition until the respective dates of their deaths in the years 1923 and 1933; that the defendants occupied the property as their home during their parents’ lifetime and have remained in possession thereof since their deaths; that on September 14, 1923, their mother, by a nuncupative will in public form, disinherited her daughter, Mrs. Emma Flaty Moreno, who was the plaintiff in the partition suit, and bequeathed her estate to the defendants in equal proportions; that Mrs. Emma Flaty Moreno instituted the suit against the defendants for the purpose of having the property sold at public sale in order to effect a partition, alleging that it was indivisible in kind; that the defendants were duly cited and represented by an attorney, and after due proceedings there
 
 *787
 
 was judgment by default ordering the sale of the property at public auction in order to effect a partition; that after due legal advertisement of thirty days of which de- " fendants had actual knowledge, when the property'was about to be offered for sale by the auctioneer, the defendants’ attorney publicly stated that he had been informed that Mrs. Moreno had been disinherited by her mother in her will and, therefore, the judgment of the court in the partition proceedings was illegal and the adjudicatee would get a defective title; that the auctioneer and the plaintiff’s attorney called upon defendants and their attorney to produce the will, which they failed to do, although they knew of its existence before the partition suit was filed, and upon their admission that they had not sought an injunction or modification of the judgment ordering the sale nor had they appealed therefrom, the auctioneer offered the property for sale; that the defendants, through their attorney, participated in the . bidding; that the plaintiff became the adjudicatee as the last and highest bidder for the sum of $2,700; that the adjudication was confirmed in an authentic act of sale on December 20, 1933 and properly registered; and that defendants made no complaint until March 19, 1934, when suit was instituted by them against Mrs. Moreno to ' have the partition set aside on the grounds that she could not participate in the distribution of her mother’s succession, because she had been disinherited in her mother’s will; that on November 7th, 1934, judgment was rendered in favor of the defendants and against Mrs. Moreno, annulling the partition by sustaining the opposition thereto, insofar as her right to share in her mother’s estate was concerned. The court expressly refrained from passing upon the validity of the sale.
 

 As the plaintiff in this suit was not made a party to the action filed against Mrs. Moreno to annul the partition, the judgment therein is not binding upon the plaintiff here. The plaintiff was a bona fide purchaser of the property at public auction under a judgment of the court rendered in a proceeding where all the heirs were made parties and, therefore, obtained a valid title. Continental Securities Corp. v. Wetherbee, 187 La. 773, 175 So. 571; Bauman v. Pennywell, 160 La. 555, 107 So. 425; Wells et al. v. Files, 136 La. 125, 66 So. 749; Metropolitan Bank v. Times-Democrat Publishing Company, 121 La. 547, 46 So. 622; Choppin et al. v. Union Nat. Bank, 47 La.Ann. 660, 17 So. 201; Union Nat. Bank v. Choppin et al., 46 La.Ann. 629, 15 So. 304. See, also, 12 T.L.R. 308.
 

 The mere fact that the defendants’ attorney made a verbal public announcement that he had been' informed that there had been a will left by Mrs. Moreno’s mother under the terms of which she had been disinherited, and questioned the validity of the judgment ordering the sale, did not take the plaintiff out of the category of a bona fide purchaser at a public auction, because he had the right to rely upon the judgment of the court, rendered contradictorily between the parties. This is particularly true since the defendants did not seek a modification of the judgment either by injunction, annulment
 
 *789
 
 proceedings or appeal before the sale was made. As Mrs. Moreno was also a forced heir of her father, who had not disinherited her, she was a co-owner of the property-held in indivisión with her two sisters and therefore had the right to institute the partition proceedings and stand in judgment therein. The judgment annulling the judgment of partition does not set aside that judgment insofar as it authorized the sale of the property. It only affects the distribution of 'the proceeds of the sale.
 

 In connection with the second defense it is argued that the statement of the defendants’ attorney had the effect of deterring bidders at the auction. There is nothing in the record to show that a fair, free and open sale of the property was not made and that competition in the bidding was suppressed or retarded. The evidence indicates that those interested in the property bid on it to the extent they desired, including the defendants, through their attorney, and that a fair and reasonable price was obtained for it. In any event, it is not charged that the plaintiff interfered with the bidding, but the defendants’ evidence shows that their attorney was the one who questioned the validity of the proceedings. However, his clients, the defendants, did not heed his advice because they made several bids through him. It is difficult to understand how the defendants can question the validity of the sale, under the circumstances of the case.
 

 In justice to the defendants’ present counsel of record, we wish to say that they were not the attorneys who represented the defendants at the auction sale or in the partition proceeding.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s cost.