The question presented in this case is whether or not we should dismiss the rule nisi or the writs of certiorari, prohibition and mandamus granted on the relator's application for the remedial writs because of its failure to comply with Section 7 of Rule XIII of this court requiring the applicant to deliver or mail to the judge and the adverse party or his attorney of record a copy of the petition for the writs. Verbal and written notices of relator's intention to apply for the writs were given to the proper parties under Section 2 of Rule XIII and no opposition to the granting of *Page 651 
them was made by the respondents. Subsequent to the granting of the writs the respondents moved to recall them and dismiss the suit on the above-stated ground.
On May 29, 1941, we amended our rule to read as follows:
"Order. It is ordered that Section 7 of Rule XIII of the rules of this court shall be and it is hereby amended and readopted so as to read as follows:
"Section 7. A petition for a writ of certiorari, prohibition, or mandamus, or for any other writ except a writ of review to review a judgment of the court of appeal, must be verified by the affidavit of the petitioner or his attorney, and must be accompanied by a certified copy of (1) the order or ruling complained of, if it be a written order or ruling, (2) the judge's reasons for his order or ruling, if he gave written reasons, and (3) the pleadings on which the order or ruling was founded. Before the petition is presented to the Supreme Court,a copy of the petition must be delivered or mailed to the judgewhose order or ruling is complained of, or to any other officerwhose action is complained of, and to the adverse party orparties to the proceeding, or to his or their attorney of record,in order that the judge or other officer, or the adverse party orparties, may submit immediately any reason that he or they mayhave to urge in opposition to the petition. The fact that such delivery or service of a copy of the petition has been made and the method of the delivery or service must be verified by the affidavit of the petitioner or of his attorney. *Page 652 
"This section (7) is not applicable to a petition for a writ of review to review a judgment of a court of appeal, under the provisions of Section 2 of Act No. 191 of 1898, p. 437, — the requirements for such a petition being provided for in Section 5 of this rule (XIII)." (197 La. XLI.) (Emphasis mine.)
Section 2 of Rule XIII as amended and readopted on April 4, 1939, and as it exists today, reads:
"Section 2. The party or attorney intending to apply to this court for a writ of certiorari or review, or for any remedialwrit, shall give to the judge whose ruling is complained of, andto the party made respondent, or parties made respondents, suchnotice as may be deemed necessary to stay further proceedingspending the application to the Supreme Court; provided, however,that a failure to give such notice shall not be, of itself,sufficient cause for dismissing the application or recalling orrescinding the writ or rule nisi." (191 La. XLV.) (Italics mine.)
This Section is for the purpose of this case practically a reproduction of Section 1 of Rule XIV, as amended on January 29, 1923, reading:
"It is ordered that section 1 of rule XV be amended so as to read as follows:
"Applications for writs of certiorari, prohibition, mandamus, review, or other supervisory writ, or for a rule nisi in such case, must be filed in the clerk's office and docketed, before being presented to a member of the court for his action thereon.The applicant, in such case, shall give to *Page 653 the party or parties made respondent or respondents such noticeas the applicant may deem necessary to prevent furtherproceedings pending his application to this court: Provided, however, that a failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi." (152 La. VII.) (Italics mine.)
It will be noted that Section 7 of Rule XIII above quoted does not state what the penalty will be in the event the applicant failed to comply with the rule by not mailing or delivering a copy of his petition for the remedial writs to his opponent and the judge.
Section 2 of Rule XIII, while making it mandatory for the applicant to give the required notice of intention to apply for the writ, expressly provides that the failure of the applicant to give the notice to the respondent judge and the adverse party of his intention to apply to this court for remedial writs under our supervisory jurisdiction is not a ground for dismissing the application or recalling the rule nisi or rescinding the writ. This court has not said that mailing or delivering a copy of the petition for the remedial writs is more important or sacramental than the applicant serving on the judge or the adverse party the notice of his intention to apply to this court for the writs. Any one construing the two sections of the same rule together would necessarily reach the conclusion that failure to serve a copy of the petition on the judge and the opposing parties would not be a ground for dismissal of the application for the writs or the *Page 654 
rule nisi or the writs because we have expressly stated in Section 2 of Rule XIII that failure to give notice of intention to apply for the writs would not be a ground for doing so. Heretofore, we have, in some instances, when acting upon applications for remedial writs, refused the application for failure to comply with Section 7 of Rule XIII where the applicant did not state under oath that he had delivered or mailed a copy of the petition to the judge or opposing party. On the other hand, where through inadvertence a rule nisi or a writ was granted on an application for remedial writs where the relator did not mail or deliver a copy of the petition to the judge and the opposing party, we have said that that would not be a ground for recalling the rule nisi or writs where the record was submitted and the issues involved clearly presented to the court. The reason why we have made this distinction is because where an application for writs is refused on account of noncompliance with the rules of the court, the applicant could then comply with the rules and reapply for the writs. However, where the writs are granted or rule nisi is issued and the case submitted for decision on the record presented there is very grave doubt that the applicant would have the right to reapply for remedial writs if we were to dismiss the rule nisi or recall the writs previously granted on the ground that counsel for the relator neglected to comply with the provisions of the rules in question. Thus the substantial rights of clients might be lost through the inattention of their attorneys on the technicality of noncompliance with the rule. Furthermore, *Page 655 
the above-quoted rules were made primarily for the convenience of the court to compel the attorneys to present the real questions decided below and if the application did not do so, because counsel had only presented the issues in their most favorable light to his client, then respondent judge or opposing parties "may submit immediately any reason that he or they may have to urge in opposition to the petition". Clearly, if the relator's failure to comply with the mandatory provision of Section 2 of Rule XIII by not notifying the judge and adverse parties of his intention to apply to this court for remedial writs under its supervisory jurisdiction is not a basis for refusing to grant the writs or rescinding the rule nisi or recalling the writs when granted, it must also be said that failure to mail a copy of the petition or application for the remedial writs to opposing parties and the judge as required by Section 7 of Rule XIII would likewise not be a ground for dismissing the rule nisi or recalling the writs when granted, especially since the latter section does not provide for any penalty of dismissal.
In the case of Bauman et al. v. Pennywell et al., 160 La. 555,107 So. 425, 426, the trial judge refused to grant a suspensive appeal from a judgment denying a preliminary injunction. The relators gave verbal notice to the trial judge and the opposing litigant and then applied to this court under its supervisory jurisdiction for writs of certiorari and prohibition and for a writ of mandamus directing the judge to grant a suspensive appeal, or in the alternative, that this court annul the judgment and issue a preliminary writ of injunction. *Page 656 
The respondent opposed the relator's application for the remedial writs in this court. In refusing to deny the application for the writs, we said:
"In the answer filed by Mrs. Pennywell, respondent herein, it is charged that no written notice was given of relators' intention to apply for said writs, as required by rule 15 of the rules of this court.
"Rule 15, § 1, was amended by the Supreme Court on January 29, 1923, so as to read as follows:
"`Applications for writs of certiorari, prohibition, mandamus, review, or other supervisory writ, or for a rule nisi, in such case, must be filed in the clerk's office and docketed, before being presented to a member of the court for his action thereon. The applicant in such case shall give to the party or parties made respondent or respondents such notice as the applicant may deem necessary to prevent further proceedings pending his application to this court; provided, however, that a failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application, or for recalling a rule nisi.'
"We must decline, therefore, to deny and dismiss relators' application for writs of certiorari, mandamus, and prohibition, for want of written notice to respondent of the application, as prayed for in this case." (Italics mine.)
It will be noted that as far as this case is concerned the above-quoted Section 1 of Rule XV is the same as Section 2 of Rule XIII, which has been in effect since 1939. *Page 657 
In Lacaze v. Hardee et al., 199 La. 566, 6 So.2d 663, the relators invoked the supervisory jurisdiction of this court to grant a writ of mandamus to compel the Court of Appeal to consider their application for rehearing after it had refused to do so, because it came too late. The relators had previously given respondent judges and litigant's attorney written notice of their intention to apply to this court for the remedial writ by mailing each of them a letter, in compliance with Section 2 of Rule XIII above quoted. However, the relators failed to mail or deliver a copy of the petition for the remedial writ to the respondent judges and the litigant, as required by Section 7 of Rule XIII. No opposition was filed to the petition for the writ but after it was granted with a rule nisi and a stay order, the respondent or opposing litigant filed a motion and asked that the writ and order granting the same be recalled and vacated and the petition therefor dismissed on the ground that the relators had failed to comply with Section 7 of Rule XIII by not delivering or serving a copy of the petition on the respondent judges and herself. As it appeared that some point was made of the fact that the copy of the petition for the writ should be served on or delivered to the respondent judges and the opposing litigant, we pointed out that the rule merely required the mailing thereof. We then went on to say that since the failure to give notice of intention to apply for the remedial writs to the respondent judges, the adverse litigant or her attorney was not sufficient cause to dismiss an application for a writ, recall a rule nisi therefor, or rescind a writ when *Page 658 
granted, under the express provisions of Section 2 of Rule XIII, that we would not recall the writ of mandamus granted to the relators, citing the case of Bauman v. Pennywell, supra.
The opponent in the Lacaze case also made the point that the record was not properly made up, because a copy of the original petition and answer and other pleadings in the case did not accompany the application for the writ. In over-ruling this contention, we said:
"As to the issue that the record is not properly made up, this Court, in the case of Laurent v. Unity Industrial Life Ins. Co.,189 La. 426, 179 So. 586, 588, said:
"`A complete answer to such contention is that the writ has already been granted in this case, and the record of the First city court of New Orleans, upon which the Court of Appeal acted, is before this Court.
* * * * * *
"`The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court. The failure to fulfill the requirement might have justified the refusal of the writ, but it does not justify the dismissal of the proceedings after the writ has been issued, and the case submitted for decision in this court, when the issues involved are clearly presented by the record before the court.'
"In the instant case, we had already granted the writ and it appears that all of *Page 659 
the necessary records pertinent to the issue as to whether or not the application for rehearing was timely filed in the Court of Appeal are before us."
In the present case, while the petition for the writs failed to set forth that a copy of the petition therefor was served upon the respondent judge and adverse litigant, writs were granted with a rule nisi and the record submitted upon the return day, thus bringing before us the controversial questions which the relator seeks to have us decide. To dismiss the rule nisi and recall the writs upon the ground that the relator failed to comply with the provisions of Section 7 of Rule XIII by not mailing a copy of the petition to the respondent judge and adverse party would be contrary to the precedent established by our rulings heretofore.
If the members of this court desired to penalize a relator for noncompliance with the above rule, then either some notice of our change in policy should be given litigants and members of the Bar, or, more properly, Section 7 of Rule XIII should be amended so as to expressly provide that failure to comply with its provisions would be a ground for dismissal of the petition or application for the writs or the rescinding of the order granting the rule nisi or the recalling of the writs granted thereon. This would put litigants and the members of the Bar on their guard in the future and if they then failed to meet the requirement of the rule of this court, they would have to suffer the penalty.
For these reasons, I respectfully dissent. *Page 660