COVINGTON, Judge.
This is a suspensive appeal from a judgment setting aside the judicial sale in the partition suit and denying the homologation of the partition; the judgment also rejected the opponents’ attack on the validity of the partition judgment. The opponents answered the appeal.
The facts are not in dispute, having been jointly stipulated by the parties. The suit arose over a partition by licitation of the subject property, which had been acquired by Leoca Cheramie and Euzide Adams Cheramie during their marriage, by deed dated August 7, 1901. Both of them died intestate, he in 1953 and she in 1959, and their successions have not been opened. Their sole forced heirs are five children and the six children of a pre-deceased son. Their estate was comprised of the subject property, situated in Lafourche Parish, Louisiana.
Subsequently, Numa Guidry and his wife, Mercedes Guidry, who was one of the Cher-amie daughters, brought a suit for partition by licitation of the subject property on April 10, 1973, against the other nine coheirs, Mark Cheramie, Alzire Cheramie Le-fort, Elie Cheramie, Annette Cheramie LeLoup, Teddy Cheramie, Patricia Chera-mie, Betsy Cheramie Ayo, Russell A. Chera-mie, and Carolyn Cheramie LaPlante. At the time of the partition suit, Numa Guidry owned an undivided Vs interest in the subject property, which he had purchased from Odeia Cheramie Pierce, one of the Cheramie heirs; and Mercedes Cheramie Guidry *159 owned another undivided Ve interest which she acquired by inheritance from her parents. Three of the defendants in the partition suit were served by personal service; the others were served by domiciliary service.
The defendants in the partition suit filed no pleadings, and on June 21, 1974, a preliminary default was entered against all defendants. The default was confirmed on November 5, 1974. Notice of the default judgment was not served on any defendant.
On the same day on which the default judgment was signed, the plaintiffs sought to execute the judgment and they had the clerk of court issue a commission to the sheriff to sell the property.
After advertisement, the property was sold at public auction on December 11,1974, to Numa Guidry, Robert J. Guidry and Dick J. Guidry for the sum of $40,000.00.
When the partition came on for homolo-gation, the defendants filed opposition. One of them, Carolyn Cheramie LaPlante, withdrew her opposition on November 11, 1975. Two purchasers of the property at the sale, Dick J. Guidry and Robert J. Gui-dry, filed an exception of no right and no cause of action to the opposition.
The matter came on for hearing, and judgment was rendered on September 20, 1976. This judgment is now on appeal.
The trial court found that defendants, Annette Cheramie LeLoup, Elie Cheramie, Mark Cheramie and Alzire Cheramie Le-fort, had been served in the partition suit by domiciliary service,[1] and that no notice of judgment had been served on these defendants. The trial court then held that under the law the delays for application for a new trial and the taking of a suspensive appeal did not begin to run against these defendants until such time as they were served with notice of judgment as required by LSA-C.C.P. art. 1913. Since there was no notice of judgment served on these defendants, and the legal delays had not expired, the partition judgment confirmed against them on November 5, 1974, was not executory and final and the judicial sale was, thus, premature. The trial court then concluded the sheriff’s sale, being an attempted execution of a judgment that was not executory, was null and void.
It is elementary that until a judgment becomes, or is made, executory, no execution of the judgment can be effected. Only a judgment in an executory status may be enforced.
Therefore, we must determine whether, on the established facts in the instant case, the default judgment was an executory judgment when the plaintiffs in the partition suit proceeded to have it executed.
The partition proceeding is governed by the procedural rules regulating ordinary proceedings with reference to default judgments, motions for new trial, appeals, appropriate delays, notice of judgments and execution of judgments, as far as practicable. LSA-C.C.P. art. 4603.
Article 4603 expressly provides, in part: “Except as otherwise provided by law, a partition proceeding is subject to the rules regulating ordinary proceedings.”
Code of Civil Procedure article 4607 provides:
“When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution...."
The comments under this provision refer back to the general rules, beginning with LSA-C.C.P. art. 2331, which are applicable to judicial sales under fieri facias, the writ used to execute money judgments. See LSA-C.C.P. art. 2291.
Thus, the judgment by default in a partition proceeding must be taken in accordance with the rules set out in LSA-C. C.P. arts. 1701-1703, 1843.
Specifically, the notice of judgment requirements of LSA-C.C.P. art. 1913 are applicable.
LSA-C.C.P. art. 1913 provides as follows in part:
*160 “Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.”
LSA-C.C.P. art. 2252 provides as follows: “A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed.”
Although the article uses the words “judgment creditor” this is an illustration, rather than restrictive, description of the party in whose favor the judgment was rendered. The provisions of this article were not intended to be limited to the party in whose favor a money judgment was rendered; they apply to any judgment obligee.
In the instant case the default judgment was taken against defendants who had been served by domiciliary service and who were mandatorily entitled to notice of judgment under LSA-C.C.P. art. 1913. The delays for applying for a new trial did not begin to run until such notice of judgment was served.
The record reflects that at the time that the execution of the partition judgment was sought no notice of judgment had yet been served. Consequently, the delay allowed for applying for new trial had not begun to run. LSA-C.C.P. art. 1913. LSA-C.C.P. arts. 1974 and 2123 in effect provide that the delay for suspensively appealing does not begin to run until the expiration of the delay allowed for applying for new trial.
It necessarily follows that until the time has elapsed in which a suspensive appeal may be taken a judgment is non-executory. In the instant case, the time in which to take a suspensive appeal had not even commenced to run. Consequently, the plaintiffs’ partition judgment was not executory when execution was attempted; therefore, the execution was premature and without legal effect.
Although the cases of Nassau Realty Co. v. Brown, 332 So.2d 206 (La.1976), and Bou-dreaux v. Allstate Finance Corporation, 217 So.2d 439 (La.App. 1 Cir. 1968), deal with enforcement of judgments by means of writs of fieri facias, the rationale of these cases is pertinent, i. e., that a judgment is not executory until the delay allowed by law for taking a suspensive appeal has elapsed, and that the delay does not commence tolling until expiration of the time allowed for application of a new trial, which does not commence to run until notice of judgment is served on a domiciliarily-served defendant against whom a default judgment has been taken.
In the Nassau Realty opinion the Supreme Court stated:
“The default judgment rendered against the Browns on November 19, 1974 was based on personal service on Mrs. Brown and domiciliary service on Mr. Brown. Article 1913 of the Code of Civil Procedure requires that notice of the signing of a default judgment against a defendant on whom citation was not served personally shall be served on the defendant by the sheriff, by either personal or domiciliary service. Therefore, since Mrs. Brown was personally served, no notice of judgment was required to be served on her. On the other hand, since Mr. Brown was not served personally, notice of judgment was required to be served on him. Article 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays, and commences to run on the day after the judgment was signed except when notice of the judgment is required under article 1913 in which event the delay for applying for a new trial commences to run on the day after the sheriff has served notice of judgment. Thus, the delay for applying a new trial commenced to run on November 20, 1974 insofar as Mrs. Brown is concerned; however, it never commenced to run in regard to Mr. Brown, as he was not served with a notice of judgment as required by article 1913.”
The Court then held:
*161 “In the instant case, therefore, the delay for taking a suspensive appeal by Mr. Brown had not elapsed when the Brown property was seized and ordered sold under a writ of fieri facias. Hence, it was premature and constituted a wrongful seizure. La.Code Civ.P. arts. 1913, 1974, 2123, 2252. Mr. Brown is entitled to have this illegal seizure dissolved as prayed for in his petition for injunctive relief filed on December 5, 1975 and rejected by the district court. La.Code Civ.P. art. 2298(1).” (footnote omitted)
The court in Moses v. American Security Bank of Villa Platte, 222 So.2d 899 (La.App. 3 Cir. 1969), held that:
“Article 1913 provides that the defendant must be given notice by service by the Sheriff of the signing of a default judgment obtained against him on the basis of domiciliary service.
“The delay to apply for a new trial, Article 1974, or for an appeal (Kinchen v. Kinchen, La.App.1st Cir., 211 So.2d 91; Viator v. Grain Dealers Mut. Ins. Co., La.App.3d Cir., 178 So.2d 378), does not commence to run until such notice is given. No notice of judgment whatsoever had been given to the defendants before their suit to dissolve the illegal seizure or before the judgment entered below. Since the delay to take a suspensive appeal had not commenced to run, the seizure was therefore at all times premature up to and including the time of the judgment dissolving it now appealed from.” (footnote omitted)
In Boudreaux v. Allstate Finance Corporation, 217 So.2d 439 (La.App. 1 Cir. 1968), this court said, in holding that the suspen-sive appeal was timely,:
“Since the matter was taken under advisement by the trial court, the delays for applying for a new trial did not commence to run until notice of judgment was served upon defendant. LSA-C.C.P. Article 1913. It is patent on the face of the record that no such notice was in fact served. Consequently the delay allowed for applying for new trial never commenced to run. LSA-C.C.P. Article 1913. Articles 1974 and 2123, LSA-C.C.P. in effect provide that the delays for appealing either suspensively or devolutively do not commence tolling until expiration of the delay allowed for application for new trial. Since the 15 day delay allowed by law for taking a suspensive appeal, LSA-C.C.P. Article 2123 never commenced to run, it necessarily follows that it never expired and defendant’s suspensive appeal was timely taken and perfected.”
The cases relied upon by the appellants are distinguishable. See e. g. Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671 (1940); Hartson v. Flaty, 192 La. 782, 189 So. 134 (1939).
In Wetherbee the judgment under consideration was not a default judgment. The delay for taking a suspensive appeal had elapsed, and the defendant only took a de-volutive appeal. The writ of fieri facias was not issued until five months after the partition judgment. The judgment had clearly become executory. The court merely holds that the validity of a sale made in the execution of a judgment after it became executory is not affected by a subsequent reversal of the judgment on devolu-tive appeal.
In Hartson, the auction sale was after the partition judgment had become executory. The defendants were duly cited and represented by an attorney. The question of notice of judgment was not involved.
In those two cases, premature executions of executory judgments were involved; there were no legal impediments to the commencement of the tolling of the delay for an appeal. In the instant case, it is a question of a premature execution of a non-executory judgment; there were legal impediments to the beginning of the running of the delay for a suspensive appeal.
We hold that the attempted execution of the judgment herein was premature and constituted a wrongful execution of a judgment which was not executory. The sheriff’s sale was not legally authorized and, therefore, it is null and void and without legal effect.
*162 The commission issued by the clerk of court directing the sheriff to sell the property at public auction is likewise premature, and also must be set aside as null and void.
Although the trial court held the judicial sale to be invalid, it upheld the validity of the partition judgment.
The basis for the claim of nullity is that there was an invalid default judgment rendered against the defendants in the partition proceeding. The opponents contend that the evidence submitted at the trial of the confirmation of default was legally insufficient to support a judgment. They complain that there is no evidence to establish title in the persons named in the judgment. An examination of the record reveals that there were introduced into evidence certain documents concerning title to the property, such as a sale from Odeia Cheramie Pierce to Numa Guidry of a ttíh interest in the subject property. There was also filed a copy of the Judgment of Possession in the Succession of Andrew A. Chera-mie, August 19, 1955. The opponents do not question the accuracy of ownership or the interest of any of the parties named in the default judgment. They do not claim that the ownership and the undivided interests set out in the judgment are incorrect. In a partition suit it is unnecessary for a plaintiff to establish a complete chain of title, both to himself and the defendants, where the respective interests are not denied. It is not necessary that forced heirs have their ownership recognized by a judgment of possession as a prerequisite to bringing a partition proceeding, particularly where there is no genuine dispute over title. The complaint that the entire partition proceedings are invalid because of the failure of the heirs to file an inheritance tax return as required by LSA-R.S. 47:2411 is without merit. The jurisprudence has established that a failure to comply with inheritance tax laws prior to the heirs taking possession of inherited property does not make their ownership invalid; it is valid, but the heirs have taken possession subject to the inheritance tax. Bonvillain v. Richaud, 153 La. 431, 96 So. 21 (1923).
It is clear from the record as a whole, and particularly the “Joint Stipulation of Facts”, that the partition judgment is factually correct in all respects. The ownership of the subject property and the undivided proportional interest of each co-owner, as shown opposite their individual na,mes, is accurate. There are no other owners or claimants. There is no contest at all that the property is not divisible in kind, and that it must be partitioned by licitation. Neither is there a controversy as to any material fact. The opponents have presented no evidence to support their assertion that the judgment should be annulled. There is no proof that the trial judge did not have before him adequate legal evidence on which to base a confirmation of the default judgment based upon the evidence presented to him on November 5, 1974. That judgment is valid and there are no grounds for annulling it.
For the reasons assigned, the judgment of the trial court is affirmed. The costs are to be shared equally by the plaintiffs-appellants and the defendants-appellees.
AFFIRMED.

. The record also reflects that domiciliary service was made on Patricia Cheramie.